FILED

2005 Feb-18  PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **STATE OF ALABAMA,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **and** ] | |
| ] | |
| **STATE OF FLORIDA,** ] | |
| **Intervenor-Plaintiff** ] | |
| ] | **Case No. CV-90-BE-1331-E** |
| **vs.** ] | |
| ] | |
| **UNITED STATES ARMY CORPS** ] | |
| **OF ENGINEERS,** ***et al.***, ] | |
| ] | |
| **Defendants.** ] | |
| ] | |

## MEMORANDUM OPINION

On April 8, 2004, the Eleventh Circuit Court of Appeals stayed the appeal of this court's October 15, 2003 preliminary injunction for the limited purpose of allowing this court to consider whether to dissolve or modify the injunction based upon the February 10, 2004 Order in *Southern Federal Power Customers, Inc. v. Caldera*, 301 F. Supp. 2d 26 (D.D.C. 2004) (the "D.C. Order") approving a settlement agreement (the "D.C. agreement").  Consequently, before the court are the "Motion of the State of Georgia to Dissolve Preliminary Injunction" (*Doc.* 237) and the "Federal Defendants' Motion to Dissolve Preliminary Injunction" (*Doc.* 241).   Having reviewed the briefs and submissions of the parties and having heard oral arguments regarding the motions on September 29, 2004, for the reasons stated below, by separate order the court denies both motions to dissolve the preliminary injunction.

1

In September 1990, Alabama and the federal defendants submitted a Joint Motion to Stay this case, agreeing that, "until such time as the stay is terminated [under the terms of the joint motion], Defendants agree not to execute any contracts or agreements which are the subject of the complaint in this action unless expressly agreed to, in writing, by Alabama and Florida." *Doc*. 41.  The court[1] granted the Joint Motion to Stay, noting that "the court views the parties to this action as bound by the terms of their joint motion." *Doc*. 44.  That stay was repeatedly extended by every judge who has presided over this decades-old case.  *See* docket sheet.

In January, 2003, the Corps and Georgia, without the Corps first complying with the termination provisions of the 1990 Joint Motion to Stay this case, entered into a settlement agreement ("the D.C. agreement") with other parties in the D.C. case.  In response, Alabama and Florida moved this court for a temporary restraining order and preliminary injunction.  *See Docs*. 130, 156, 159.  After considering the numerous briefs and evidentiary submissions from all the parties involved, and after hearing oral arguments at a hearing on September 24, 2003, the court granted the motion for a preliminary injunction.  *Doc*. 192.  The movants now seek dissolution of the September 24, 2003 injunction based upon the D.C. court's Order approving the settlement agreement.[2]

---

[1]United States District Judge James H. Hancock was at that time presiding over the case.

[2]The D.C. Order has been appealed to the D.C. Circuit Court of Appeals.  Alabama recently filed a Notice of Activity in Related Cases (*Doc*. 273) that included a copy of the transcript of the oral argument before the D.C. Circuit.  Having reviewed the transcript of the oral argument, the court must point out an error in the representation made to the Circuit Court by Mr. Gray, counsel for the federal defendants.  Mr. Gray represented, based upon an *inference* from Judge Jackson's statement that he had a phone conference with this court, that the two judges had agreed to the scheme for handling the matter.  (Tr. pp. 23-25.)  The court notes that such representation does not rest in fact.

2

Upon a motion to modify or vacate a preliminary injunction, the court does not review the injunction *de novo*, as many of the federal defendants' arguments would seem to require.  *See Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647 (1961) (noting that, on a motion to modify a preliminary injunction, "neither the plaintiff nor the court should be subjected to the unnecessary burden of re-establishing what has once been decided.").  Rather, the parties seeking modification or vacation must show that a *change* in the circumstances underlying the injunction justifies modifying or lifting the injunction. *See id.*; *Hodge v. HUD*, 862 F.2d. 859, 861-62 (11th Cir. 1989).  Further, at this time the court's review of the injunction is limited by the terms of the Eleventh Circuit's order, and the court will only consider arguments to change or vacate the injunction "based upon the D.C. Order." *See Doc.* 234, *Certified Copy of Appellate Court Order*, at p. 3.

## I.  Violation of the 1990 Stay Order

The February 10, 2004 Order in *Southern Federal Power Customers, Inc. v. Caldera*, 301 F. Supp. 2d 26 (D.D.C. 2004) (the "D.C. Order") has not caused any change in circumstances that would justify lifting the injunction.  This court entered the injunction at issue because Alabama and Florida succeeded on the merits of demonstrating that negotiations that led to the D.C. agreement violated this court's September 19, 1990 stay Order and, therefore, was unenforceable as against public policy; the injunction was necessary to prevent irreparable injury; the potential harm caused by the settlement agreement outweighed any harm the injunction might cause the defendants; and the injunction was not adverse to the public interest.  *See October 15, 2003 Preliminary Injunction Order* (*Doc.* 192). Nothing in the D.C. Order affects those findings.

The D.C. Order does not contradict this court's finding that the D.C. agreement violated the 1990 stay Order.  As the federal defendants point out, "it appeared" to the D.C. court that the 1990

stay Order "was vacated by the unilateral notice to that effect. . . in September, 2003, and should no longer serve to bar [the D.C. agreement] today."[3] *Caldera*, 301 F. Supp. 2d at 35.  However, the D.C. court also stated that "whether the Corps' activities. . .constituted a violation of its [1990 stay] order, and if so, what consequences should attach, are matters for N.D. Ala. to decide." *Id*.  As this court found in its October 15, 2003 Order, the negotiations that led to the settlement embodied in the D.C. agreement *did* violate the 1990 stay Order, and the appropriate consequence was a preliminary injunction to "last until this case is resolved on the merits or lifted by order of this court for just cause." *Doc*. 192, p. 11.  Because the D.C. Order does not affect the findings upon which this court based its preliminary injunction, this court will not lift or modify the injunction in light of the D.C. order.

The federal defendants and Georgia suggest that the October 15, 2003 injunction is an inappropriate sanction because invocation of a court's inherent power to enforce its orders "requires a finding of bad faith," *Doc*. 242, p. 23; because Alabama and Georgia received the full benefit of the 1990 stay Order, *Doc*. 238, p. 20; and because an injunction lasting "in perpetuity," *Doc*. 238, p. 21, and "for all time," *Doc*. 242, p. 24, is too harsh a remedy for the violation.  Such arguments are inappropriate.  *See* the Eleventh Circuit's April 8, 2004 Order (authorizing only motions to lift or vacate the preliminary injunction "based on the D.C. Order"); *see also United States  v. Swift & Co.*, 286 U.S. 106,  (1932) (declined to follow on other grounds in *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992)) (noting that a motion to modify an injunction is not an appropriate vehicle

_____

[3]The Corps did not take any action to give notice to lift the stay until September 22, 2003–*after* Alabama and Florida called to this court's attention that the Corps had taken steps that violated the 1990 Order. *See Corps' Exhibit* 1, *Doc*. 187; *Doc*. 192, p.4. What effect the Corps' unilateral notice may have had on subsequent events is irrelevant because the transgression had already occurred that resulted in this court's action.

for collaterally attacking the issuance of the injunction).

However, the court did find an inference of bad faith based on the fact that, while the Corps and Georgia were engaged with Alabama and Florida in discussions and negotiations involving allocation of water in Lake Lanier, they never mentioned to Alabama and Florida that they were simultaneously engaged in settlement discussions in the D.C. case that involved some of the same issues. *See Doc.* 248, p. 11 n.6; p. 26 n.19, 20.  Additionally, the court finds that Alabama and Florida did *not* receive the full benefit of the 1990 stay Order because, by failing to notify them of the settlement negotiations *before* those negotiations were complete, the Corps robbed Alabama and Florida of the opportunity to participate in the negotiations or to litigate their objections with the benefit of timely notice and compliance with the discovery requirements.  Finally, the court points out that its injunction is not "perpetual," but will last only until the case is resolved on the merits, and may be lifted earlier "for just cause."

## II. Claim and Issue Preclusion

As an alternative basis for the satisfaction of the requirement that the plaintiffs show a likelihood of success on the merits, the court found that Alabama and Florida demonstrated a substantial likelihood of success on the merits of their statutory challenges to the D.C. agreement. Georgia and the federal defendants argue that, because the D.C. court approved the settlement agreement over similar statutory challenges, claim and issue preclusion bar the future success on the merits of the statutory challenges.  Therefore, Georgia and the federal defendants argue, the circumstances underlying the injunction have changed, and the injunction should be lifted.  However, because the likelihood of success on the merits of the statutory challenges to the settlement agreement was merely an alternative basis for imposing the injunction, the D.C. court's ruling on

5

those challenges does not justify lifting the injunction.

Furthermore, the D.C. court's order cannot bar claims[4] brought by those not parties to the settlement in the D.C. court.  The D.C. court dismissed the case without prejudice[5] because the case settled.  A dismissal without prejudice does not preclude later litigation of claims, and, as noted in the D.C. Order, a dismissal as moot on the basis of a settlement agreement cannot operate to bar the claims of those not parties to the settlement agreement.  *Caldera*, 301 F. Supp. 2d at 31 ("[P]arties who choose to resolve litigation through settlement may not dispose of the claims of a third party. . . . A court's approval of a consent decree between some of the parties[,] therefore[,] cannot dispose of the valid claims of nonconsenting intervenors; if properly raised, these claims remain and may be litigated by the intervenor." (quoting *Local No. 93 v. City of Cleveland*, 478 U.S. 501, 529 (1986))); *see also White v. Alabama*, 74 F.3d 1058, 1073-35 (11th Cir. 1996).

Issue preclusion also does not bar Alabama and Florida from raising their statutory objections to the settlement agreement in the future.  The D.C. court considered the statutory objections within the limited context of deciding a single issue: whether the settlement agreement should be approved

---

[4]Florida filed a complaint in the D.C. case that included claims for declaratory and injunctive relief based on its statutory challenges to the settlement agreement.  Though the D.C. court overruled the objections of the States of Alabama and Florida to the Settlement Agreement, *Caldera*, 301 F. Supp. 2d at 35, Florida's complaint appears to have been dismissed without prejudice by the order dismissing the D.C. case. *See Doc*. 239, Ex. B., Ex. H.

[5]  The order dismissing the D.C. case did not state whether the case was dismissed with or without prejudice.  *See Doc*. 239, Ex. H.  However, the settlement agreement approved by the D.C. court provided that the case should be dismissed without prejudice.  Further, the case was dismissed without prejudice because it was dismissed as moot.  *See* Fed. R. Civ. P. 41 (b) ( "[A] dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction ... operates as an adjudication upon the merits."); *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies.").

as "fair, adequate, and reasonable" and "not illegal or contrary to public policy." *Caldera*, 301 F. Supp. 2d at 31 (citations omitted).  In approving the settlement agreement, the D.C. court noted that Alabama's and Florida's statutory objections "might at some later date present grounds upon which to prevent the implementation of portions of the Settlement Agreement, [though] they are not sufficiently definite and imminent to justify invalidation of the Settlement Agreement at its inception or in its entirety."  *Id*.  Other courts, therefore, are not precluded from considering Alabama's and Florida's statutory objections within an appropriate context.

Alternatively, the Corps is equitably estopped from asserting claim and issue preclusion. "A party asserting estoppel must establish the following three elements of a traditional equitable-estoppel claim: (1) words, acts, conduct or acquiescence causing another to believe in the existence of a certain state of things[;] (2) wilfulness or negligence with regard to the acts, conduct or acquiescence[;] and (3) detrimental reliance by the other party upon the state of things so indicated."  *Tefel v. Reno*, 180 F.3d 1286, 1302 (11th Cir 1999) (citation omitted).  In addition, "establishing estoppel by a private party against the government requires a showing of affirmative misconduct."  *Id*. at 1303.

The Corps agreed to the notification and discovery terms of the 1990 stay Order.  Alabama and Florida have shown that they relied on their reasonable expectations that the Corps would satisfy those court-ordered obligations.  By willfully violating the court's order while engaged in ongoing discussions with Alabama and Florida as part of the ACF compact negotiations, the Corps engaged in affirmative misconduct and caused Alabama and Florida to arrive in the D.C. court too late to participate in settlement negotiations and without the benefit of the Corps' prior compliance with its discovery obligations under the 1990 stay Order.  Therefore, the Corps is estopped from asserting

7

their *res judicata* and collateral estoppel arguments.  Any such arguments exist now solely because of the Corps' willful violation of the 1990 stay Order.

Georgia is also estopped from asserting claim and issue preclusion on the basis of the D.C. Order.  Knowing the requirements of the 1990 stay Order,[6] Georgia willfully cooperated with and acquiesced in the Corps' violation of that Order while at the same time participating with Alabama and Florida in the ACF compact discussions.  Alabama and Florida detrimentally relied on the state of things as indicated by the violation of the Order–that the Corps and Georgia were not engaged together in settlement negotiations that would affect the claims before this court.  Furthermore, Georgia benefitted by cooperating with the Corps' violation of this court's Order because the settlement agreement specifically preserved Georgia's claims against the Corps–a provision not available to Alabama and Florida because the Corps did not notify them in time to take part in the settlement agreement.  Therefore, Georgia is estopped from asserting claim and issue preclusion regarding Alabama's and Florida's statutory challenges to the settlement agreement.

## III.  Conclusion

Because the court finds no reason to dissolve the injunction on the basis of the D.C. order, the court will continue to maintain the preliminary injunction as written "until this case is resolved

---

[6]Though Georgia was not a party to this action until the court granted its motion to intervene in September 2003, *see Doc.* 183, Georgia was aware of the terms of the Joint Motion to Stay.  Alabama and the federal defendants served Georgia with a copy of the Joint Motion. *See Certificate of Service*, *Doc.* 41. Further, Alabama and the federal defendants filed the Motion in conjunction with their negotiations with Georgia and Florida to resolve matters that are the subject of this case.  *Doc.* 41, p.2.   The Joint Motion set forth certain of Georgia's rights and obligations.  Under the Joint Motion, *Georgia had the right to request that the parties terminate the stay*.  *Doc.* 41, p.3.  The Joint Motion also stated that "before...Georgia may participate in [settlement] discussions, it shall agree, in writing, to abide by" paragraph 5 of the Joint Motion regarding the evidentiary admissibility of statements made during negotiations. *Doc.* 41, p.4.

on the merits or lifted by order of this court for just cause." *See Doc.* 192.

The dispute among the parties as to the allocation of water from Lake Lanier is now centered in this court.  The D.C. court dismissed the D.C. case as moot.  In addition, the Northern District of Georgia has entered an order abating and administratively closing a related case, *Georgia v. United States Army Corps of Eng'rs* , No. 2:01-CV-26-RWS, pending final judgment in this action.  This court has lifted its general stay of this case and the parties have been proceeding with issues outside the scope of the preliminary injunction and the appeal.  In addition, the court has invited all those whose petitions for leave to intervene were previously denied without prejudice to now petition for leave to intervene. *See Doc.* 262.  In short, this case finally is in a posture to move forward with an orderly, legal resolution of this most contentious matter.

An order in conformity with this memorandum opinion will be entered contemporaneously.

DONE and ORDERED this 18th day of February, 2005.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE