FILED
2006 Feb-16 PM 01:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA,<br>Plaintiff,<br><br>and<br><br>STATE OF FLORIDA,<br>Intervenor-Plaintiff<br><br>v.<br><br>UNITED STATES ARMY CORPS<br>OF ENGINEERS, et al.,<br>Defendants. | CIVIL ACTION NO.: CV-90-BE-1331-E |

### PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT UNITED STATES ARMY CORPS OF ENGINEERS SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED

Plaintiffs State of Alabama ("Alabama") and State of Florida ("Florida") move this Court for an order directing Defendant United States Army Corps of Engineers (the "Corps") to show cause why it should not be held in contempt of this Court's Order dated September 19, 1990, and sanctioned for its conduct. In support of this motion, Alabama and Florida offer the following grounds:

1. This Court has already found that the Corps violated this Court's September 19, 1990, Order (the "1990 Order") by entering into a settlement agreement in a lawsuit in the United States District Court for the District of Columbia (the "D.C. agreement"). *See* February 18, 2005, Memorandum Opinion, at p. 3 (noting "this court's finding that the D.C. agreement violated the 1990 stay Order"). *See also* October 15, 2003, Order, at p. 6 ("[T]he

1/1406205.2

court finds the proposed D.C. agreement clearly violates the 1990 Order. The controlling 1990 stay Order in this case bars even the formalization of such plans by its terms.").[1]

2. Based on this finding, this Court issued a preliminary injunction on October 15, 2003. *See* October 15, 2003, Order at p. 11. This injunction operated to enjoin the implementation of any part of the D.C. agreement. *Id.*

3. This Court has recognized, however, that in the event the injunction was lifted, the Court would need to consider the matter of an appropriate sanction for the Corps' violation of this Court's Order. *See* Transcript, September 29, 2004, at p. 72 ("If I decide not to continue the injunction, and I am not saying that I am leaning that way, but I want to explore all options while I have you here, what then is the proper penalty for the violation of the 1990 Order?").

4. Similarly, the Eleventh Circuit, while holding the injunction to be procedurally improper, recognized that this Court's civil contempt power was procedurally proper since it provided this Court with "recourse for the Corps' asserted violation of the 1990 stay order." *See Alabama v. United States Army Corps of Engineers*, 424 F. 3d 1117, 1134, n.23 (11th Cir. 2005) ("This is not to say that there was no recourse for the Corps' asserted violation of the 1990 stay order. Florida and Alabama could have—but did not—petition the district court to order the Corps to show cause why they should not be held in contempt of court. We have explained repeatedly that injunctions are enforced through the district court's civil contempt power.") (citations omitted).[2]

---

[1] The Court further noted its finding that "the negotiations that led to the settlement embodied in the D.C. agreement *did* violate the 1990 stay Order." *See* February 18, 2005, Memorandum Opinion, at p. 4 (emphasis in original).

[2] Alabama and Florida have in fact previously pointed to this Court's civil contempt power as providing the basis for a remedy for the Corps' violation of the 1990 Order. *See* State of Alabama's Brief in Response to Court Order of January 24, 2003, (Doc. 133), at pp. 3-4 (discussing this Court's power and authority to force the Corps to comply with this Court's Orders and citing *In re Grand Jury Investigation (Braun)*, 600 F. 2d 420, 422 (3rd Cir. 1979), for

5.	This Court's findings relating to the D.C. agreement and the violation of the 1990 Order, which were based upon evidence previously offered to this Court,[3] are sufficient in and of themselves to support the issuance of the requested show cause order.

6.	A contempt sanction "may serve one of two broad purposes: (1) coercing the contemnor to comply with a court order, or (2) compensating a party for losses suffered as a result of the contemptuous act." *U.S. v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999) (citing *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539, 1557 (11th Cir. 1996)). *See also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance."); *Jove Engineering*, 92 F.3d at 1545-46, n.4 ("[S]anctions in civil contempt proceedings may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.").

7.	"District courts enjoy 'wide discretion to fashion an equitable remedy for [civil] contempt that is appropriate to the circumstances.'" *City of Miami*, 195 F.3d at 1298 (quoting *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1515 (11th Cir. 1987)) (alteration added in *City of Miami*). "The measure of the court's power in civil contempt proceedings is

---

the proposition that a court has the power "to coerce obedience to its orders by summarily holding a recalcitrant person ... in civil contempt, and then imprisoning him until he complies."). *See also* Transcript, September 29, 2004, at pp. 72-77 (discussing the proper sanction for the Corps' violation of the 1990 Order).

[3] Among other things, Plaintiffs offered the following evidence to this Court: (1) the Joint Motion to Stay filed in this litigation by Alabama and the Corps in which the Corps agreed "not to execute any contracts or agreements which are the subject of the complaint in this action unless expressly agreed to, in writing, by Plaintiff and Florida," *see* Motion for Stay, ¶2; (2) the 1990 Order in which this Court noted it "views the parties to this action as bound by their joint motion to stay," see September 19, 1990 Order; and (3) the D.C. agreement in which the Corps, among other things, agreed to commit approximately 537 mgd of water from Lake Lanier to municipal and industrial uses for a minimum of twenty years. *See* D.C. agreement, (attached as Exhibit 1 to Doc. 133).

determined by the requirements of full remedial relief." *McComb*, 336 U.S. at 193. *See also City of Miami*, 195 F.3d at 1298 ("[A] court's civil contempt power is measured solely by the 'requirements of full remedial relief.'") (quoting *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991)).

8. Plaintiffs respectfully request this Court to invoke its civil contempt power to restore the parties to the position they would have held had this Court's 1990 Order been obeyed by the Corps. *See City of Miami*, 195 F.3d at 1299 ("The clear purpose of make-whole relief in the face of unlawful discrimination, whether in the Title VII or civil contempt context, is to recreate the conditions and relationships that would have been had there been no unlawful discrimination.") (quoting *International Brotherhood of Teamsters v. U.S.*, 431 U.S. 324, 372 (1977)) (internal quotation marks omitted). *See also Securities and Exchange Commission v. American Board of Trade, Inc.*, 830 F.2d 431, 441-42 (2nd Cir. 1987) ("We consider it critical to our upholding this exercise of [the court's civil contempt] power that the court carefully tailored the sanction it imposed to the restitution of assets in order to restore ABT's noteholders to the position they would have been in if the injunction had been obeyed. The remedy was thus not punitive, and was limited to the protection of non-party beneficiaries of the proceeding."); *Colon v. U.S.*, 576 F.2d 1, 4-5 (1st Cir. 1978) ("Civil contempt exists to recompense a private party for a loss occasioned by the failure of another to comply with a court order. . . . It is aimed at restoring the parties to the positions they would have held had the order been obeyed.").

9. Plaintiffs submit that the only way to restore the parties to the position they would have held had the Corps complied with the 1990 Order is to declare as a nullity the commitment on behalf of the Corps to the D.C. agreement. That is, in order to recreate the conditions and relationships that would have existed had there been no violation of the 1990

Order, this Court should nullify the signatures obligating the Corps to the D.C. agreement as well as the Corps' commitment to comply with any terms contained within the D.C. agreement.

10. As this Court knows, the 1990 Order entitled Alabama and Florida to **advance notice** of the Corps' intent to terminate the stay provision of that Order. Under the plain terms of that Order, **before** the Corps could enter into any new water-supply agreements, the Corps was required to give notice to Alabama and Florida of its intent to do so. The Corps could not terminate its obligations under the 1990 Order without giving Alabama and Florida **advance notice** of such a termination.

11. Any suggestion by the Corps that it remedied its failure to provide notice prior to the execution of the D.C. agreement by virtue of giving notice of its intent to terminate the 1990 Order after the execution of the D.C. agreement is completely without merit. Once the Corps committed itself to the obligations contained within the D.C. agreement, Alabama and Florida were deprived of the benefit of the 1990 Order's notice provision. Plaintiffs contend that the only way to return the parties to the positions they would have held had the Corps not violated this Court's 1990 Order is to nullify the Corps' commitment to the D.C. agreement (and the obligations contained within that agreement).

12. Plaintiffs submit that the remedy requested herein would be a reasonable exercise of this Court's power and an appropriate sanction for Corps' violation. *See McComb*, 336 U.S. at 193 ("The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief."); *Goya Foods, Inc. v. Wallack Management Co.*, 290 F.3d 63, 78 (1st Cir. 2002) ("Federal courts are empowered to issue civil contempt sanctions to 'protect[] the due and orderly administration of justice and . . . maintain [] the authority and dignity of the court'") (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980))

(alterations added in *Goya Foods*). Such a remedy would restore to Alabama and Florida the benefits to which they were entitled under that Order. More specifically, the remedy requested herein would provide Alabama and Florida with advance notice of the Corps' intent to terminate the stay provision contained within the 1990 Order before the Corps entered into any new water supply agreements, and, at the same time, it would provide the Corps with the opportunity to fully comply with the 1990 Order.

13. In addition to this Court's civil contempt power, Plaintiffs note that the Court may also invoke its inherent power to impose a sanction for the Corps' violation of the 1990 Order. *See Chambers v. NASCO*, 501 U.S. 32, 43-44 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. . . . This power reaches both conduct before the court and that beyond the court's confines . . . .") (citations omitted); *id.* at 57 ("Chambers' attempt to gain the FCC's permission to build a new transmission tower was in direct contravention of the District Court's orders to maintain the status quo pending the outcome of the litigation and was therefore within the scope of the District Court's sanctioning power.").

14. In light of this Court's prior findings of bad faith on the part of the Corps,[4] this Court is well within its discretion to resort to its inherent authority to fashion an appropriate remedy.[5] *Id.* at 44-45 ("Because of their potency, inherent powers must be exercised with

---

[4] *See* February 18, 2005, Order, at p. 5 ("[T]he court did find an inference of bad faith based on the fact that, while the Corps and Georgia were engaged with Alabama and Florida in discussions and negotiations involving allocation of water in Lake Lanier, they never mentioned to Alabama and Florida that they were simultaneously engaged in settlement discussions in the D.C. case that involved some of the same issues.").

[5] This Court's findings of bad faith on the part of the Corps include findings that the Corps engaged in affirmative misconduct. *See* February 18, 2005, Order, at p. 7 ("By willfully violating the court's order while engaged in ongoing discussions with Alabama and Florida as part of the ACF compact negotiations, the Corps engaged in affirmative misconduct and caused Alabama and Florida to arrive in the D.C. court too late to participate in

restraint and discretion. . . . A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power is a finding of bad faith.").[6]

15. Plaintiffs are not seeking a drastic remedy; instead, plaintiffs are requesting a carefully-tailored sanction that will return the parties to the position they would have held had the Corps complied with this Court's 1990 Order. Plaintiffs are not asking the Court to forever preclude the Corps from entering into future contracts. To the contrary, once the Corps is in full compliance with the 1990 Order,[7] it will be free to consider any future contract or agreement that complies with applicable law, including procedures for consultation with other affected interests that are required by statute and the Corps' regulations.

16. This Court certainly has the authority and the discretion to fashion a sanction that voids the signatures obligating the Corps to the terms of the D.C. agreement in order to return the parties to the positions they would have held had the Corps complied with this Court's 1990 Order. *See Barnes*, 158 F.3d at 1215 ("Where, as here, the district court fashions a sanction which is a direct response to the harm that the bad faith conduct of the attorney causes, it is clearly acting within its discretion."); *Chambers*, 501 U.S. at 57 (noting that a "party may be

---

settlement negotiations and without the benefit of the Corps' prior compliance with its discovery obligations under the 1990 stay Order.").

[6] The fact that redress for the conduct of the Corps may also be found in a statute or rule does not preclude this Court from invoking its inherent authority. *Chambers*, 501 U.S. at 49-50 ("The Court's prior cases have indicated that the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct. . . . [W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.").

[7] Under the 1990 stay order, the Corps is required to give notice of termination and to fulfill certain outstanding discovery obligations. *See* September 19, 1990, Order. While the Corps has given notice of termination, it has not complied with its obligations to fully respond to the outstanding discovery requests. *See* Motion to Compel Production of Documents and Re-instate the Terms of Paragraph 2 of the Joint Motion to Stay Proceedings (Doc. 267).

1/1406205.2                                   7

sanctioned for abuses of process occurring beyond the courtroom, such as disobeying the court's orders").

17. Accordingly, Plaintiffs respectfully request that this Court issue an Order requiring the Corps to show cause why this Court should not invoke its civil contempt power as well as the Court's inherent power and issue an Order that nullifies the signatures obligating the Corps to the D.C. agreement as well as the Corps' commitment to comply with any terms and obligations contained within the D.C. agreement.

WHEREFORE, PREMISES CONSIDERED, Alabama and Florida pray that this Court will enter an Order requiring the Corps to show cause why this Court should not issue an Order nullifying the signatures obligating the Corps to the D.C. agreement and the Corps' commitment to comply with the terms and obligations reflected in that agreement.

Respectfully submitted this the 16th day of February, 2006.

/s/ Matthew H. Lembke
One of the Attorneys for
The State of Alabama,
Plaintiff

**ON BEHALF OF:**

| ATTORNEYS FOR THE STATE OF ALABAMA | ATTORNEYS FOR THE STATE OF FLORIDA |
|---|---|
| ATTORNEY GENERAL'S OFFICE OF THE STATE OF ALABAMA<br>R. Craig Kneisel<br>William D. Little, III<br>11 South Union Street<br>Montgomery, AL  36130 | HOGAN & HARTSON, LLP<br>James T. Banks<br>Parker D. Thomson<br>555 13th Street, N.W.<br>Washington, D.C.  20004 |
| LIGHTFOOT, FRANKLIN & WHITE, LLC | OFFICE OF THE ATTORNEY GENERAL |

| | |
|---|---|
| Warren B. Lightfoot<br>William S. Cox, III<br>W. Larkin Radney, IV<br>Nikaa B. Jordan<br>400 10th Street North<br>Birmingham, AL  35203 | Charles J. Crist, Jr.<br>Attorney General<br>Christopher M. Kise<br>Solicitor General<br>The Capitol, Suite PL-01<br>Tallahassee, FL  32399 |
| BRADLEY ARANT ROSE & WHITE, LLP<br>Matthew H. Lembke<br>Joel M. Kuehnert<br>1819 5th Avenue North<br>Birmingham, AL  35203 | CAMPBELL, WALLER & POER, LLC<br>Caroline Smith Gidiere<br>Suite 450<br>2100-A Southbridge Parkway<br>Birmingham, AL  35209 |
| | FENNEMORE CRAIG<br>Lauren James Caster<br>Donald G. Blankenau<br>303 North Central Avenue, Suite 2600<br>Phoenix, AZ  85012 |

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>16th</u> day of February, 2006, a copy of the foregoing was served upon counsel of record for all parties to this proceeding by electronic means or by placing a copy thereof in the United States Mail, first-class postage thereon prepaid and properly addressed as follows:

**Attorneys for Federal Defendants**

> Ruth Ann Storey
> Robin N. Michael
> Anthony P. Hoang
> Charles W. Findlay, III
> US DEPARTMENT OF JUSTICE, ENVIRONMENT &
>     NATURAL RESOURCES
> General Litigation Section
> Ben Franklin Station
> PO Box 663
> Washington, DC 20044-0663
>
> Sharon D. Simmons
> Alice H. Martin
> John C. Bell
> US ATTORNEY'S OFFICE
> 1801 4th Avenue North
> Birmingham, AL 35203-2101
>
> Joseph A. Gonzales
> Adrienne A. Allen
> Deborah Shoemake
> US ARMY CORPS OF ENGINEERS
> District Counsel
> 109 St Joseph Street
> PO Box 2288
> Mobile, AL 36628-0001

**Attorneys for Intervenor-Plaintiff the State of Florida**

> James T. Banks
> HOGAN & HARTSON LLP
> Columbia Square
> 555 Thirteenth Street, NW
> Washington, DC 20004-1109

1/1406205.2            10

Lauren J. Caster
Thomas R Wilmoth
Donald G Blankenau
FENNEMORE CRAIG PC
1221 North Street, Suite 801
Lincoln, NE 68508

Caroline Smith Gidiere
Charles W. Reed, Jr.
Andrew P. Campbell
CAMPBELL WALLER & POER LLC
2100-A Southbridge Parkway, Suite 450
Birmingham, AL 35209

Christopher M. Kise
Jonathan A. Glogau
FLORIDA ATTORNEY GENERAL'S OFFICE
Department of Legal Affairs
P.L.-01, The Capitol

Parker D. Thomson
HOGAN & HARTSON LLP
1111 Bricknell Avenue, Suite 1900
Miami, FL 33131

**Attorneys for Intervenor-Defendant The State of Georgia**

Thurbert E. Baker
Isaac Byrd
Robert S. Bomar
GEORGIA STATE ATTORNEY GENERAL'S OFFICE
State Judicial Building, Suite 132
40 Capitol Square, SW
Atlanta, GA 30334

Clay C. Long
R. Todd Silliman
Bruce P. Brown
MCKENNA LONG & ALDRIDGE LLP
One Peachtree Center, Suite 5300
303 Peachtree Street
Atlanta, GA 30308

William N. Clark
REDDEN MILLS & CLARK
The Financial Center, Suite 940
505 20th Street, North
Birmingham, AL 35203

**Attorneys for Intervenor Atlanta Regional Commission**

Eddie Leitman
Lynne Stephens O'Neal
Christopher R. Hood
LEITMAN SIEGAL & PAYNE, PC
Land Title Building, Suite 400
600 North 20th Street
Birmingham, AL 35203-2601

Patricia T. Barmeyer
Lewis B. Jones
KING & SPALDING
191 Peachtree Street, NE, Suite 4900
Atlanta, GA 30303-1763

**Attorneys for Intervenor Gwinnett County**

William M. Droze
Gregory W. Blount
David Montgomery Moore
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308-2216

**Attorneys for Intervenor-Plaintiff Alabama Power Company**

Edward S. Allen
C. Grady Moore, III
Spencer M. Taylor
BALCH & BINGHAM LLP
PO Box 306
Birmingham, AL 35201-0306

**Attorneys for Intervenor-Plaintiff Montgomery Water Works and Sanitary Sewer**

    Charlanna Spencer
    Chad E. Stewart
    Robert Brian Tipton
    SASSER LITTLETON & STIDHAM PC
    PO Drawer 4539
    Montgomery, AL 36103-4539

**Attorneys for Intervenor-Defendant Lake Lanier Association**

    Paul E. Andrew
    Seven Lumpkin Street
    Lawrenceville, GA 30045

    Clyde Y. Morris, Jr
    3000 Brierfield Lake
    Alpharetta, GA 30004

                                           /s/ Matthew H. Lembke
                                           Of Counsel