FILED

2006 Mar-24  PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Intervenor/Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.: CV-90-BE-01331-E |
| | ) |
| THE UNITED STATES ARMY | ) |
| CORPS OF ENGINEERS, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| ATLANTA REGIONAL COMMISSON, | ) |
| STATE OF GEORGIA, GWINNETT | ) |
| COUNTY, LAKE LANIER ASS'N, | ) |
| ALABAMA POWER CO. , and | ) |
| WATER WORKS AND SANITARY | ) |
| SEWER BOARD OF THE CITY OF | ) |
| MONTGOMERY, ALABAMA, | ) |
| | ) |
| Intervenors | ) |
| _____ | ) |

**FEDERAL DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO SHOW CAUSE WHY
DEFENDANT UNITED STATES ARMY CORPS OF ENGINEERS
SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED**

Plaintiffs, the State of Alabama and the State of Florida, seek an order from

this Court directing that Federal Defendant, U.S. Army Corps of Engineers

(Corps), show cause as to why the Corps should not be held in contempt for violation of the order issued by this Court staying this case in 1990 (1990 Stay Order).[1]  Plaintiffs seek as a sanction for this alleged contempt an Order nullifying the signatures on the Settlement Agreement entered in *Southeastern Federal Power Customers (SeFPC) v. White*, CA No. 00-CV-2975 (D.D.C.).   However, Plaintiffs have failed to show that such a grave sanction as contempt is warranted or that the prerequisites for the sanction can be satisfied.  In fact, Plaintiffs seek relief that has been denied by both this Court and the District Court for the District of Columbia.[2]  For the reasons set forth below, this Court should deny Plaintiffs' motion.

## LEGAL STANDARDS

To establish civil contempt, Plaintiffs must satisfy a high standard of proof. Plaintiffs must demonstrate that Defendant disobeyed a specific and definite court order by failing to take all reasonable steps within its power to ensure compliance. *See McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).  In the Eleventh

---

[1]Federal Defendants incorporate by reference all arguments made in the Opposition to Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and to Have Settlement Agreements Entered into by Defendant Declared Null and Void filed on September 22, 2003.

[2]In this Court's order of October 15th, 2003, the Court denied Plaintiffs' motion to the extent it asks the Court to declare the Settlement Agreement null and void.   Likewise, the District Court for the District of Columbia overruled the objections of Alabama and Florida and upheld the Settlement Agreement as valid and approved.  *SeFPC v. Caldera*, 301 F. Supp.2d 26, 35 (D.D.C. 2004).

Circuit, civil contempt must be established by "clear and convincing evidence"
that: (1) a valid court order was in effect; (2) the order was clear and unambiguous;
and (3) the alleged violator could have complied with the court's order, had he
chosen to do so. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir.
2002); *see also American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581
(5th Cir. 2000), *cert. denied*, 531 U.S. 1191 (2001). "In determining whether a
party is in contempt of a court order, the order is subject to reasonable
interpretation." *Riccard*, 307 F3d at 1296.

The Court's determination of whether an order has been violated entails a
case-by-case analysis:

> The nature of court-ordered injunctions requires the enforcing court
> not only to determine whether the order was violated, but to make
> case specific determinations whether 1) the allegedly violated order
> was valid and lawful; 2) the order was clear, definite and
> unambiguous; and 3) the alleged violator had the ability to comply
> with the order.

*Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1546 (11th Cir. 1996), citing *Jordan
v. Wilson*, 851 F.2d 1290, 1292 n. 2 (11th Cir. 1988).

Sanctions for civil contempt serve two purposes: (1) coercing the contemnor
to comply with a court order or (2) compensating a party for losses suffered as a
result of the contemptuous act. *Id.* at 1557. Whereas criminal contempt
proceedings look back at past violations of an order and issue sanctions for past

3

disobedience, civil contempt proceedings look forward and, for the most part, offer

sanctions only if further, future violations occur.[3]   This is because civil contempt is

remedial in nature, while criminal contempt is intended to be punitive.  *See Int'l*

*Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 (1994).  In civil

contempt, a court coerces future compliance with a court order from the contemnor

by setting out sanctions that will befall the contemnor should he fail to obey the

order in the future.  *Id.*   Thus, in civil contempt proceedings, a court cannot punish

the subject of the actions for past violations of the order; instead it must create

prospective sanctions to induce compliance in the future.  *See United States v.*

*McCorkle*, 321 F3d 1292, 1298-99 (11th Cir. 2003); *in re E.I. DuPont De Nemours*

*& Company-Benlate Litig*., 99 F.3d 363, 368 (11th Cir. 1996); *Martin v. Guillot*,

875 F.2d 839, 845 (11th Cir. 1989).  Even if a proceeding is designated as a civil

contempt proceeding, if the remedies imposed by the court are punitive instead of

compensatory or coercive, then the contempt will be deemed criminal in nature.  *In*

*re E.I. DuPont De Nemours & Company-Benlate Litig*., 99 F.3d at 368.  If a court

employs a civil contempt proceeding to impose what amounts to a criminal

sanction, the contempt citation is a nullity.  *Id.*

---

[3]Criminal contempt requires a finding that the alleged contemnor willfully violated a clear and
reasonably specific order.  *U.S. v. Turner*, 812 F. 2d 1552, 1563 (11th Cir. 1987)

4

**ARGUMENT**

**I.     The Corps' Decision to Sign the Settlement Agreement Did Not Violate this Court's 1990 Stay Order.**

A finding of civil contempt must be established by "clear and convincing evidence." *Riccard*, 307 F.3d at 1296.  Although Plaintiffs argue that this Court has already found that the Corps violated the 1990 stay order, Pl. Mot. at 1, such a finding was not made under the "clear and convincing" standard required for civil contempt.  In fact, Plaintiffs cannot show that the Corps' decision to sign the Settlement Agreement violated a clear and unambiguous order of this Court.

On June 28, 1990, the State of Alabama filed this lawsuit against the Corps, alleging that the Corps' existing withdrawal contracts and its plan to seek congressional approval to enter into permanent water storage contracts required review under the National Environmental Policy Act (NEPA).  Alabama requested an injunction preventing the Corps from entering into new water storage or withdrawal contracts until it had complied with NEPA and a "Comprehensive Studies Plan" had been completed.   Florida moved to intervene on the side of Alabama, and Georgia moved to intervene on the side of the Corps.  Before either motion was granted, the parties and the proposed intervenors began to negotiate. On September 14, 1990, Alabama and the Corps, with the consent of the proposed intervenors, filed a joint motion to stay the litigation so that negotiations could

5

proceed.

Paragraph 3 of the joint motion to stay the litigation provided that "this stay may be terminated upon notice to the Court at any time by Plaintiff or Defendants and by providing written notice to the non-terminating parties and counsel of record for each non-party that has petitioned to intervene in this action."  Paragraph 4 of the joint motion required that if the Corps were to unilaterally terminate the stay under Paragraph 3, it had to meet certain discovery obligations within 14days of the termination.  The joint motion also provided that:

> Until such time as this stay is terminated pursuant to Paragraph 3 hereof and Defendants have complied with Paragraph 4 hereof, Defendants agree not to execute any contracts or agreements which are the subject of the complaint in this action unless expressly agreed to, in writing, by Plaintiff and Florida.

Finally, the joint motion required the Corps to refrain from entering into any contracts or agreements prohibited by the joint motion until 80 days after the Corps had terminated the stay and completed its discovery obligations.  On September 19, 1990, the district court granted the stay and noted that it "views the parties to this action as bound by the terms of their joint motion to stay."  Under the 1990 joint motion and stay order, the Corps could not "execute any contracts or agreements which are the subject of the complaint in this action"  without first terminating the stay or obtaining the written permission of Alabama and Florida. (emphasis

added).  The "contracts or agreements" that are the "subject of the complaint"

within the meaning of the 1990 stay order are interim water withdrawal contracts

and permanent water storage contracts in the Apalachicola-Chattahoochee- Flint

(ACF) and Alabama-Coosa-Flint (ACT) basins.

The Settlement Agreement is not an interim water withdrawal contract, nor

is it a permanent water storage contract.  It is instead an agreement to follow a

process that may culminate in interim storage contracts, and it served to settle a

lawsuit brought in another federal district court.  The Settlement Agreement plainly

and unambiguously conditions the execution of the Interim Contracts it envisions

on the satisfactory completion of the NEPA process.  The Settlement Agreement

therefore does not fall within the plain meaning of the 1990 joint motion and stay

order.  As such, the Corps was not barred from entering into the Settlement

Agreement by the 1990 joint motion and stay order.

The Settlement Agreement does contemplate that the Corps may eventually

enter into the Interim Contracts with the Water Supply Providers, but only after a

condition precedent to the execution of those contracts – NEPA review of the

environmental impacts of the proposed contracts – is completed.  The Corps will

not "execute" the contracts within the meaning of the 1990 joint motion and stay

order until the NEPA process is satisfactorily completed and the Corps determines

that it will execute the contracts.  The Eleventh Circuit agreed with this

interpretation of the agreement finding that "the Corps agrees to perform all of the

analysis and otherwise comply with the requirements of NEPA before entering into

any contracts for water supply."  *Alabama v. USACE*, 424 F.3d 1117, 1134 (11th

Cir 2005).   The Settlement Agreement, therefore, also does not inexorably lead to

a water withdrawal or storage contract or agreement and does not fall within the

meaning of the 1990 joint motion and stay order's prohibition on "executing" such

contracts.   Therefore, the Corps' decision to enter into the Settlement Agreement

did not violate the agreement between the parties to not  "execute any contracts or

agreements which are the subject of the complaint in this action", and there was no

violation of the 1990 stay.

## II.    The 1990 Stay Order Was Not "Clear and Unambiguous."

Fundamental to any finding of civil contempt is a clear and unambiguous

order.  *Riccard*, 307 F.3d at 1296.  The 1990 Stay Order provided that:

"Defendants agree not to execute any contracts or agreements <u>which are the subject

of the complaint</u> in this action unless expressly agreed to, in writing, by Plaintiff

and Florida." (Emphasis added.)  This Court has acknowledged that the original

complaint in this matter was so poorly drafted that it was difficult to determine

what was the subject matter of the complaint.  "Alabama's original complaint was

very poorly drafted.  Thus, the court sympathizes with the Federal Defendants' and Georgia's difficulty in figuring out what agency actions Alabama challenged in each count of the complaint."  *Alabama*, 424 F.3d at 1135 (citing Order dated August 10, 2005).  Given that the 1990 Stay Order referenced the "subject matter" of the complaint and that "subject matter" is difficult, if not impossible to ascertain, the 1990 Stay Order could hardly be called "clear and unambiguous."  Therefore, Plaintiffs cannot show by clear and convincing evidence that the required elements for a sanction for contempt are present.

## III.   Civil Contempt Cannot Lie Because the 1990 Stay Order is no Longer Enforceable.

As noted above, the 1990 stay order provided that the stay could be terminated by any party after providing written notice to the non-terminating parties. On September 22, 2003, the Corps gave that required notice.  The Corps then complied with the discovery obligations required under Paragraph 4 of the joint motion for stay.   Therefore, the 1990 stay is no longer in effect and this Court cannot impose a sanction for a stay that is no longer enforceable.

There are only two types of sanctions for civil contempt – those that coerce the contemnor to comply with a court order, or those that compensate a party for losses suffered.  *Jove Engineering, Inc.*, 92 F.3d at 1557.  Plaintiffs are seeking a remedy, i.e., nullification of the signatures on the Settlement Agreement, that if it

fits either remedy, could only be considered coercive.  However, inherent in such a

sanction is the ability to comply with the order and therefore, cure the contempt.

*Klett v. Pim*, 965 F2d 587, 590 (8th Cir. 1992) (a court cannot impose coercive civil

contempt sanction if the underlying injunction is no longer in effect); *see also*

*Shillitani v. U.S.* 384 U.S. 364, 370-71 (1966) (where the grand jury has been

finally discharged, a contumacious witness can no longer be confined since he then

has no further opportunity to purge himself of contempt.).  In this matter, the

underlying order has been terminated and the Court cannot, at this time, impose

any sanction seeking to coerce compliance with the 1990 Stay Order.

Plaintiffs argue that the Eleventh Circuit recognized that this Court could

consider civil contempt for an asserted violation of the 1990 Stay Order.  Pl. Mot.

at 2.  What the Eleventh Circuit stated was: "This is not to say that there <u>was</u> no

recourse for the Corps' asserted violation of the 1990 stay order.  Florida and

Alabama <u>could have</u> – and did not – petition the district court to order the Corps to

show cause why they should not be held in contempt of court."  *Alabama* , 424

F.3d at 1134, n.23 (emphasis added).  The Eleventh Circuit clearly used the past

tense and expressed no opinion as to whether such a remedy was still available

now that the 1990 stay has been terminated. [4/]

## IV.   In Any Event, the Remedy Plaintiffs Seek Is Not Appropriate.

In civil contempt proceedings, a court cannot punish the subject of the actions for past violations of the order; instead it must create prospective sanctions to induce compliance in the future.  Plaintiffs assert that the appropriate sanction is nullification of the signatures obligating the Corps to the Settlement Agreement and the Corps' commitment to comply with the terms and obligations reflected in that agreement.  Pl. Mot. at 8.  The sanction Plaintiffs seek is not consistent with the traditional standard that civil contempt is remedial in nature and a means to coerce future compliance with a court order by setting out sanctions that will befall the contemnor should he fail to obey the order in the future.  *Bagwell*, 512 U.S. at 828.   In essence, the contemnor has a "key" to release himself from the contempt and cure the violation by complying with the order.  "However, when a contempt

---

[4/]Plaintiffs' motion for contempt should also be denied on the basis of laches.  Plaintiffs elected not to raise this relief in 2003 when the Settlement Agreement was executed and the 1990 Stay Order had not been terminated.  Plaintiffs delay is prejudicial to the settling parties who have already been delayed in implementation of the Settlement Agreement.  Laches bars a plaintiff's claim where the plaintiff unreasonably delays in bringing the motion and that delay is prejudicial to the defendant. *See Schmitz v. St. Regis Paper Co.*, 758 F. Supp. 922, 924-25 (S.D.N.Y. 1991) (holding that laches barred plaintiff's motion for contempt when plaintiffs delayed in bringing the motion and delay was prejudicial); *see also  Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1203 (11th Cir.1997) (explaining that the equitable doctrine of laches will bar a claim when three elements are present: "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted.").

involves the prior conduct of an isolated, prohibited act, the resulting sanction has no coercive effect. '[T]he defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense.'" *Id.,* at 829, *citing Grompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442 (1911).

In this case, the Corps' decision to sign the Settlement Agreement is just such an isolated act that cannot be redressed  by the type of coercive order appropriate to civil contempt.

In addition, nullification of the Settlement Agreement would do more than enforce the 1990 Stay Order.  The 1990 Stay Order gave Alabama and Florida the right to notice prior to the entry of water storage contracts only so that they could resume their litigation.  To nullify the Settlement Agreement would have the same effect the Eleventh Circuit warned against in *Alabama*:

> The 1990 Joint Stay was essentially a promise by the Corps not to enter into any new water-supply agreements without first giving notice to the plaintiffs of its intent to do so. Under the 1990 Joint Stay, the Corps had a unilateral right to terminate the agreement at will under certain conditions. The district court's preliminary injunction, however, effectively rewrote the terms of this stay, converting an agreement that the parties had crafted to be freely and unilaterally terminable at any time into an indefinite and interminable bar. This Court has explained repeatedly that in enforcing an order, [a] district court may not expand the decree or impose obligations that are not unambiguously mandated by the decree itself.  *Abbott Lab. v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1240 (11th Cir.2000). In other words, the court may not frame[ ] relief that was beyond the contemplation of the [original order]. *Newman v. Alabama*, 683 F.2d

> 1312, 1318 (11th Cir.1982) *see also Id.* at 1318-19 (explaining that
> plaintiffs seeking enforcement of an order are not entitled to new and
> extraordinary injunctive relief that was beyond the scope of the
> [order]). Here, the district court abused its discretion by converting an
> obligation that was freely terminable with notice under the 1990 order
> into one that is absolute and interminable, and thus far more
> burdensome than what the original stay order encompassed.

*Alabama*, 424 F.3d at 1135, n.24.   Alabama and Florida have had full opportunity

not only to resume this litigation, but also to fully litigate their concerns related to

the Settlement Agreement before the District Court for the District of Columbia

before the Settlement Agreement was approved by that court. To nullify the

signatures on the Settlement Agreement would give Alabama and Florida more

than the benefit of their bargain and unfairly penalize the settling parties.

Therefore, this Court should deny Plaintiffs' request to nullify the signatures

on the Settlement Agreement.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for order

to show cause.

**DATED** this 24th day of March, 2006.

ALICE H. MARTIN
United States Attorney
Northern District of Alabama

SHARON D. SIMMONS
Assistant United States Attorney
200 Vance Building and Courthouse
1801 4th Ave., North
Birmingham, AL 35203
(205) 244-2140


   /s/ Ruth Ann Storey
RUTH ANN STOREY
United States Department of Justice
Environment and Natural Resources
   Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0493
**ruth.ann.storey@usdoj.gov**

MARK A. BROWN
FL Bar No. 09950
Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources
Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0204 (telephone)
(202) 305-0275 (fax)
**mark.brown@usdoj.gov**

Of counsel:
Russell W. Petit
Deborah J. Shoemake
David C. Brasfield
Rebecca A. Rowden
U.S. Army Corps of Engineers

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2006, I electronically filed the above Federal Defendants' Opposition to Plaintiffs' Motion to Show Cause Why Defendant United States Army Corps of Engineers Should Not Be Held in Contempt and Sanctioned with the Clerk of the Court using the CM/ECF system, which will send notification of that filing to the following:

Thomas R. Wilmoth
Lauren J. Caster
Fennemore Craig PC
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913

John M. Johnson
Warren B. Lightfoot
William S. Cox, III
W. Larkin Radney IV
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street North
Birmingham, Alabama 35203-2706

R. Craig Kneisel
William D. Little III
Office of the Attorney General
Civil Environmental Protection Division
Room 303, 11 South Union Street
Montgomery, Alabama 36130

Christopher M. Klise
Solicitor General
Office of the Attorney General
P.L. - 01, The Capitol
Tallahassee, FL 32399-1050

Greg Munson
Office of the General Counsel
Florida Department of Environmental Protection
3900 Commonwealth Blvd.  MS 35
Tallahassee, FL  32399

Donald G. Blankenau
Fennemore Craig PC
121 North Street, Suite 801
Lincoln, NE 68508

James T. Banks
Parker D. Thomson
Hogan & Hartson, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C.  20004

Bruce Brown
R. Todd Silliman
Mckenna Long & Aldridge LLP
303 Peachtree St., Suite 5300
Atlanta, GA 30308

Eddie Leitman
Lynne Stephens O'Neal
Christopher R. Hood
Leitman, Siegal & Payne, P.C.
Land Title Building, Suite 400
600 North 20th Street
Birmingham, AL 35203-2601

David G. Archer
336 South Tennessee Street
P.O. Box 1024
Cartersville, Georgia 30120

Stanley B. Sikes, Esquire
Post Office Box 303
Selma, Alabama 36702

Gegory Allen, Esquire
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160

William M. Droze
Gregory W. Blount
Charles A. Zdebski
Troutman Sanders, LLP
Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216

Patricia T. Barmeyer
Lewis B. Jones
King and Spalding, L.L.P.
191 Peachtree Street, N.E.
Atlanta, Georgia 30303

Edward S. Allen
C. Grady Moore, III
Balch & Bingham L.L.P.
P.O.Box 306
Birmingham, AL  35201-0306

Paul E. Andrew
Seven Lumkin Street
Lawrenceville, GA 30045

Charlanna Spencer
Chad E. Stewart
Sasser Littleton & Stidham PC
PO Drawer 4539
Montgomery, AL 36103-4539

  /s/ Ruth Ann Storey
Ruth Ann Storey

 /s/ Mark A. Brown
Mark A. Brown