FILED

2006 Mar-24  PM 05:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

STATE OF ALABAMA, et al.

      Plaintiffs,

v.

THE UNITED STATES ARMY
CORPS OF ENGINEERS, et al.,

      Defendants.

Civil Action
File No. CV-90-BE-01331-E

## JOINT RESPONSE OF THE STATE OF GEORGIA
## AND THE ATLANTA REGIONAL COMMISSION
## TO PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY
## DEFENDANT UNITED STATES ARMY CORPS OF ENGINEERS
## SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED

# <u>TABLE OF CONTENTS</u>

Table of Contents .................................................................................................i

Summary .............................................................................................................1

Argument............................................................................................................3

I.     This Court Has Already Determined that it Would be Inappropriate to Nullify the Settlement Agreement............................3

II.    Movants Have Failed to Carry Their Burden for Holding the United States in Contempt....................................................................5

    A.    The Corps Did Not Violate the 1990 Order...............................5

    B.    The 1990 Order Was Not a Valid, Enforceable Order. ............8

        1.    The 1990 Order Violates Rule 65(d) ..............................8

            a.    The 1990 Order Does Not Include an Operative Command ...............................................9

            b.    The 1990 Order Failed to Describe in Reasonable Detail the Act or Acts Sought to be Restrained. ...................................................11

        2.    The 1990 Order is Not Enforceable Because the Court Lacked Jurisdiction to Review the Contracts and Agreements Challenged by the 1990 Complaint. ...................................................................12

    C.    The 1990 Order Was Unenforceable Because the Order Was Not Clear, Definite, or Unambiguous..............................13

III.    Nullification of the Settlement Agreement Would Not Be an Appropriate Remedy ........................................................................14

    A.    Nullification of the Settlement Agreement would be Inconsistent with the Recent Opinion of the Eleventh Circuit in this Case..................................................................14

    B.    The Remedy for Civil Contempt Must Either Be a Coercive Sanction or a Compensatory Fine — Nullification of the Settlement Agreement is Neither. ...........15

    C.    Nullification of the Settlement Agreement is an Abuse of Discretion Because it Punishes the Settling Parties that are Not in Contempt of the 1990 Order. ...................................18

IV.    Florida Does not Have Standing to Pursue Sanctions for any
Violation of the 1990 Order Relief ......................................................20

Conclusion ........................................................................................................20

Certificate of Service .......................................................................................23

The State of Georgia and the Atlanta Regional Commission (ARC) submit this brief in response to Plaintiffs' Motion for Order to Show Cause Why Defendant United States Army Corps of Engineers Should not be Held in Contempt and Sanctioned.  Doc. 405.

## **SUMMARY**

Plaintiffs' motion should be denied for a number of independently adequate reasons.

*First,* the motion should be denied because this Court, in its October 15, 2003 Order granting the preliminary injunction, specifically rejected Alabama's request to grant the same relief that is sought today – to nullify the Corps' execution of the Settlement Agreement.  Doc. 192, p. 11 ("The court DENIES IN PART plaintiffs' motion to the extent it asks the court to declare the settlement agreement in question null and void.")  Having denied what was essentially the same motion in 2003, this Court should deny this motion today.

*Second,* Alabama and Florida do not address the standards for a finding of civil contempt, but instead erroneously rely on this Court's holding in its October 15, 2003 Order that the Corps violated the 1990 Order.  Yet this Court did not address the evidence under the requisite "clear and convincing evidence" standard, and intervening decisions by the Eleventh Circuit and this Court in this case suggest that the issue should be addressed anew.  As discussed in detail below, the

Corps cannot be held in contempt because:

(a) The Corps did not violate the 1990 Order because the Settlement Agreement is not among the contracts or agreements that were the subject of the 1990 Complaint;

(b) The 1990 Order is not a valid order enforceable through contempt proceedings because (i) it fails to comply with Rule 65(d), and (ii) this Court lacked subject matter jurisdiction to review the contracts and agreements that were challenged in the 1990 Complaint;

(c) The 1990 Order is too vague to be enforced because its meaning hinges upon the determination of what contracts were "the subject" of the 1990 Complaint, which this Court acknowledged in its August 10, 2005 Order was "very poorly drafted."

*Third,* nullification of the Settlement Agreement would be inconsistent with the Eleventh Circuit's recent opinion and is beyond the scope of the appropriate sanctions for civil, as opposed to criminal, contempt.  Nullification also is improper because it would over-compensate the Plaintiffs for the alleged violation and would punish non-parties who were not complicit in any violation of the 1990 Order.

*Fourth,* because the State of Florida was not a party to this case at the time of the 1990 Order, Florida does not have standing to seek sanctions for civil

contempt.

## ARGUMENT

### I.  This Court Has Already Determined that it Would be Inappropriate to Nullify the Settlement Agreement.

Alabama and Florida's motion to hold the Corps in contempt should be denied because this Court, in its Order of October 15, 2003, specifically and expressly denied Alabama and Florida the identical relief that they seek today.  In 2003 Florida and Alabama in fact sought two remedies: a preliminary injunction and a declaration that the Settlement Agreement was "null and void" because of the Corps' violation of the 1990 Order.  Doc. 129.  Although this Court in 2003 granted the preliminary injunction, it specifically and expressly denied Alabama and Florida's request to nullify the Settlement Agreement.  Doc. 192, Order of October 15, 2003, p.11.  That ruling was correct in 2003 and is correct today.

Apart from the "contempt" label, the motions are identical.  Like today's motion, Florida and Alabama's 2003 motions were in response to the Corps' alleged violation of the 1990 Order.  In 2003, as today, Alabama and Florida sought to nullify the Settlement Agreement as a sanction for the Corps' alleged violation of the 1990 Order.  In 2003, as today, Alabama and Florida asked the Court to nullify the Settlement Agreement for the purpose of restoring the legal positions of the parties prior to the Corps' alleged violation.  *See generally* Doc. 129, Alabama's Motion for Temporary Restraining Order, Preliminary Injunction,

and To Have Settlement Agreements Entered Into By Defendants Declared Null and Void, and Doc. 405, Plaintiffs' Motion to Show Cause Why Defendant United States Army Corps of Engineers Should Not Be Held in Contempt and Sanctioned ("Plaintiffs' 2006 Motion"), p. 4; *see also* Doc. 248, pp. 31-32.

Indeed, at the September 2003 hearing on Alabama and Florida's request for injunctive relief, this Court focused almost exclusively on the same issue raised by Alabama and Florida's current motion for contempt — whether the Corps had violated the 1990 Order and the appropriate sanction.  *See Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1135-36 (11th Cir. 2005).

In its October 2003 Order, this Court, after exhaustive briefing and a full hearing, rejected Alabama and Florida's request to nullify the Settlement Agreement, concluding "The court DENIES IN PART plaintiffs' motion to the extent that it asks the court to declare the settlement agreement in questions null and void."  Doc. 192, p. 11.  This part of the October 2003 Order was not appealed, and Alabama and Florida do not contend that anything has happened since October 2003 to change any of the considerations.

This Court should deny the motion not only to be consistent, but also to be correct:  as will be shown, Alabama and Florida have not established the requirements necessary to hold the Corps in civil contempt.

## II.   Movants Have Failed to Carry Their Burden for Holding the United States in Contempt.

For a court to impose liability for civil contempt, a moving party must present *clear and convincing evidence* that (1) a court order was violated; (2) the order that was violated was valid and lawful; (3) the order was clear, definite and unambiguous; and (4) the alleged contemnor had the ability to comply with the order. *Jordan v. Wilson,* 851 F.2d 1290, 1292 n.2 (11th Cir. 1988); *In re Jove Eng'g.,* 92 F.3d 1539, 1546 (11th Cir. 1996). Rather than offering evidence of these factors, Plaintiffs summarily conclude that this "Court's findings related to the D.C. agreement and the violation of the 1990 Order . . . are sufficient in and of themselves to support the issuance of the requested show cause order." Plaintiffs' 2006 Motion at 3. To the contrary, this Court made none of the findings necessary for the imposition of civil contempt and made no factual findings under the applicable "clear and convincing" standard. Each of the factors must therefore be considered for the first time and assessed under the proper standard.

### A.   The Corps Did Not Violate the 1990 Order.

A party moving for civil contempt must first present clear and convincing evidence that a previous court order was violated. In the October 15, 2003 Order granting the motions for a preliminary injunction, this Court held that execution of the Settlement Agreement violated the 1990 Order because the Settlement Agreement "does implicate the subject of" the 1990 Complaint. Doc. 192 at 4.

We would respectfully submit that this conclusion is incorrect.  To determine whether execution of the Settlement Agreement violated the 1990 Order, the question is not whether the Settlement Agreement "implicates the subject of" the 1990 Complaint.  The question, instead, is whether the Settlement Agreement was one of the "contracts or agreements" that was the subject of the 1990 Complaint.  *See* Doc. 41 ¶ 2.  Clearly the Settlement Agreement was not a subject of the 1990 Complaint, as the Settlement Agreement did not exist until a decade after that litigation was stayed.

Alabama presumably will argue that this Court should improve upon the bargain that Alabama struck with the United States, as set forth in the 1990 Joint Motion, by extending the language of the joint motion to apply to contracts and agreements that were not the "subject of" the 1990 Complaint, but that were nevertheless "like" the contracts and agreements that were the subject of the 1990 Complaint.   Such unilateral modification of the parties' agreement would clearly be inappropriate, however, as the Eleventh Circuit noted in its recent decision in this case:  "'A district court may not expand the decree or impose obligations that are not unambiguously mandated by the decree itself.'"  *Alabama*, 424 F.3d at 1135 n.24 (quoting *Abbott Lab. v. Unlimited Beverages, Inc.*, 218 F.3d 1238, 1240 (11th Cir. 2000)).

Even so, the proposed modification would not suffice to reach the

Settlement Agreement, because the Settlement Agreement is not like the proposed contracts and agreement that Alabama challenged in 1990.  The contracts that were challenged in 1990 were contracts the Corps allegedly intended to execute without first complying with NEPA.  Indeed, the entire thrust of the 1990 Complaint — the reason it was filed — was to force the Corps to comply with NEPA before taking the step of executing storage contracts at Lake Lanier.  In the Settlement Agreement, the Corps is doing exactly what Alabama in the 1990 Complaint sought to compel the Corps to do: comply with NEPA before executing any water storage agreements.  Thus, even if the plain language of the 1990 Joint Motion is ignored (which it cannot be for purposes of holding the Corps in contempt, of course), the purpose of the 1990 Joint Motion is not frustrated in the least by the Corps agreeing as it did in the Settlement Agreement to comply with NEPA before executing any water storage agreements.

Because the Settlement Agreement was not a "subject of" the 1990 Complaint, the only way to hold that the Settlement Agreement violated the 1990 Order would be to construe the 1990 Order as imposing obligations far in excess of the obligations to which the United States agreed in the 1990 Joint Motion. Indeed, in the October 15, 2003 Order this Court suggested that it viewed the 1990 Order not as a simple consent agreement, defined by the parties, but rather as an injunctive order imposed by the Court to "maintain the status quo until such time

as the court has an opportunity to decide the case on its merits." Doc. 192 at 4. This view of the 1990 Order is clearly erroneous. Although preserving the *status quo* is indeed a function of certain kinds of stay orders, such orders can only be issued upon consideration of the traditional equitable factors. The Court did not purport to review or make findings on those factors before entering the 1990 Order.

### B.   The 1990 Order Was Not a Valid, Enforceable Order.

The second element necessary to prove contempt is that the order alleged to have been violated was valid and lawful. The 1990 Order appears to have been a simple procedural stay order — one that stayed deadlines and prohibited further filings in the litigation without imposing other obligations on the parties. It was perfectly valid for this purpose. To the extent it was intended to be enforceable through civil contempt proceedings, however, the order clearly was not valid, for two reasons:

#### 1.   The 1990 Order Violates Rule 65(d).

First, Rule 65(d) of the Federal Rules of Civil Procedure requires that injunctive orders "shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." It is reversible error to hold someone in contempt for having violated an order that fails to comply with Rule 65(d). *Hughey v. JMS Development Corp.*,

78 F.3d 1523, 1531 (11th Cir. 1996) (every injunctive order must satisfy Rule 65(d) standards).  The 1990 Order does not comply with Rule 65(d) because it does not contain an "operative command" that is capable of "enforcement"; and also because it does not describe at all — much less with the required detail — the acts to be restrained.

> a.   The 1990 Order Does Not Include an Operative Command.

To be "specific and definite" under Rule 65(d), an order must at a minimum include an "operative command."  *See Int'l Longshoremen's Assn., Local 1291 v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 74 (1967); *see also Hughey*, 75 F.3d at 1531 ("An injunction must therefore contain an 'operative command capable of 'enforcement.''").  The 1990 Order does not include an operative command.  Judge Hancock stated only that he "considered the parties to be bound by the terms of their agreement."  That statement represents an "abstract conclusion of law" as opposed to a "command." *International Longshoremen's Ass'n,* 389 U.S. at 74.  Judge Hancock thus gave no indication that he intended to elevate the private, bilateral "agreement" set forth in the 1990 Joint Motion to the status of a judicially-enforceable order.

The Seventh Circuit addressed a very similar situation in *H.K. Porter Co., Inc. v. Nat'l Friction Prods. Corps,* 568 F.2d 24 (7th Cir. 1978).  In that case, the parties entered into a settlement agreement; submitted the agreement to the district

court for approval; and then moved to dismiss the case on the basis of that agreement.  The district court reviewed the agreement, approved it, and then ordered that it be "adopted and made a part of this decree be reference as the judgment herein."  *See id.* at 25.  In subsequent proceedings the plaintiff alleged that the defendant had violated the settlement agreement, and thus filed a show-cause motion to hold the defendant in contempt.  *Id.*  The district court denied relief and the Seventh Circuit affirmed, holding that the order was unenforceable because it failed to comply with Rule 65(d).  *See id.* at 27.

The Seventh Circuit explained that parties may incur legal duties by virtue of a settlement agreement, and that courts may incorporate the terms of such an agreement into its judgment.  *Id.* at 27.  However, "*to furnish support for a contempt order the judgment must set forth in specific detail an unequivocal command*."  *Id*. (emphasis added).  Because the order approving the settlement agreement in *H.K. Porter* "*did not use language which turned a contractual duty into an obligation to obey an operative command,*" it could not be enforced through civil contempt.  *Id.* (emphasis added).  "There was no command, although there was a judgment of specific obligation."  *Id.*

The former Fifth Circuit has specifically approved *H.K. Porter* and has reversed contempt decrees based on the violation of orders that fail to "set forth in specific detail an unequivocal command"  *See Baddock v. Villard,* 606 F.2d 592,

593 (5th Cir. 1979).[1]

Exactly the same situation applies here.  The 1990 Order referred to the terms of a separate agreement without specifically incorporating those terms into its order, and without using language "which turned a contractual duty into an obligation to obey an operative command."  The 1990 Order is therefore not a valid order enforceable through civil contempt sanctions.

> b.   The 1990 Order Failed to Describe in Reasonable Detail the Act or Acts Sought to be Restrained.

Even if the 1990 Order had included an operative command, the 1990 Order is in double violation of Rule 65(d).[2]  The 1990 Order does not describe in any detail, much less the required "reasonable detail" the "acts sought to be restrained," but instead does exactly what Rule 65(d) prohibits — it incorporates by reference another document — the 1990 Joint Motion.  Worse, the 1990 Joint Motion also does not describe in any detail, much less the required "reasonable detail" the "acts sought to be restrained," but it too does exactly what Rule 65(d) prohibits — it incorporates by reference the 1990 Complaint itself.  Worse, the reference to the complaint is not to some specific objective information or data contained within

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] This argument is set forth in greater detail in the October 1, 2003 Supplemental Memorandum of the State of Georgia in Opposition to Renewed Motion of Alabama for TRO, pages 4 through 7, Doc. 188, incorporated herein by reference.

the complaint, but is to the "subject of" the complaint, a description that is inherently vague, no matter how simple the litigation.  This is exactly the kind of vague reference that Rule 65(d) is specifically and historically designed to prohibit.

    2.    <u>The 1990 Order is Not Enforceable Because the Court Lacked Jurisdiction to Review the Contracts and Agreements Challenged by the 1990 Complaint.</u>

Second, the 1990 Order is not enforceable because the Court lacked subject matter jurisdiction over the 1990 Complaint.  Georgia and ARC have previously argued that the actions challenged by the 1990 Complaint were not final agency actions subject to judicial review under the APA.  See Doc. 281 at 16-28.  Although this Court has acknowledged that the finality requirement is jurisdictional, Doc. 331 at 25, and that it lacked jurisdiction to review the vast majority of the actions challenged in the 1990 Complaint because those actions were non-final, *id.*, it has construed the Third Cause of Action in the 1990 Complaint as a challenge to four contracts that were executed before the 1990 Complaint was filed, Doc. 331 at 29.  Georgia and ARC respectfully disagree with the Court's holding on this issue.  *See* Doc. 337 (motion for reconsideration).  For present purposes it should suffice to note that a sanction for civil contempt would be jurisdictionally dependent upon the validity of the 1990 Complaint and the correctness of this Court's construction of the Third Cause of Action as a challenge to the four contracts identified by this Court in the August 11, 2005 Order.  Doc.

331; *see also United States v. United Mine Workers,* 330 U.S. 258, 294-95 (1947) (vacating sanction for civil contempt upon finding that the court lacked jurisdiction to issue the injunction that was violated).

### C.   The 1990 Order Was Unenforceable Because the Order Was Not Clear, Definite, or Unambiguous.

The third element necessary to warrant a finding of contempt is that the underlying order that was allegedly violated must be "clear, definite, and unambiguous." *Jove Eng'g*, 92 F.3d at 1546 (quoting *Jordan v. Wilson*, 851 F.2d 1290, 1292 n.2 (11th Cir. 1988)).  In a leading case, the Eleventh Circuit elaborated that an order meets the specificity requirement "only if it is a clear, definite, and unambiguous order requiring the action in question." *In re E.I. DuPont de Nemours & Co. Benlate Litig.,* 99 F.3d 363, 370 (11th Cir. 1996) (internal citations omitted) (reversing contempt order finding that district court had not entered a reasonably specific order requiring manufacturer to produce certain documents in response to discovery requests).

The 1990 Order is unclear and ambiguous for any number of reasons.  As discussed above, Judge Hancock never even incorporated by reference the 1990 Joint Motion.  But even if we could or should read into Judge Hancock's 1990 Order an incorporation by the Court of the terms of the 1990 Joint Motion, the 1990 Joint Motion refers only to the "subject" of the 1990 Complaint.  Yet the "subject" of the 1990 Complaint cannot, as a matter of law, be deemed "clear" or

"definite."  As this Court held in its August 10, 2005 Memorandum Opinion, the

1990 Complaint was "very poorly drafted" and, as a result of this "poor

draftsmanship," even this Court had great difficulty identifying the contracts and

agreements that were the subject matter of the 1990 Complaint.  Clearly, therefore,

it would be error for this Court to now conclude that the 1990 Order is sufficiently

clear to warrant a finding of contempt by clear and convincing evidence.

## III.   Nullification of the Settlement Agreement Would Not Be an Appropriate Remedy.

Even if this Court should hold that Plaintiffs' Motion presented clear and

convincing evidence necessary to hold the United States in contempt, that would

not justify a decision to nullify the Settlement Agreement.

### A.   Nullification of the Settlement Agreement would be Inconsistent with the Recent Opinion of the Eleventh Circuit in this Case.

In its recent decision in this case, the Eleventh Circuit held that this Court's

preliminary injunction was an abuse of discretion, *inter alia*, because this Court

"has no authority to unilaterally modify an agreement of the parties."  *Alabama*,

424 F.3d at 1135 n.24.  "Nullifying" the Corps execution of the Settlement

Agreement, as Alabama and Florida request, clearly constitutes a unilateral

modification of the Settlement Agreement that is far beyond the scope of this

Court's authority.

As the Eleventh Circuit explained in its opinion, the 1990 Joint Motion did

not prohibit the Corps from entering into any contracts; instead, it prohibited the Corps from doing so without first giving notice of its intent to do so.  "The district court's preliminary injunction, however, effectively rewrote the terms of the stay, converting an agreement that the parties had crafted to be freely and unilaterally terminable at any time into an indefinite and interminable bar." *Id.*  The Eleventh Circuit concludes:

> Here, the district court abused its discretion by converting an obligation that was freely terminable with notice under the 1990 order into one that is absolute and interminable, and thus far more burdensome than what the original stay order encompassed.

*Id.*

Nullifying the Settlement Agreement would appear to fly in the teeth of the Eleventh Circuit's opinion.  Alabama and Florida ask this Court to take an existing, enforceable agreement and render it a legal nullity for all time.  We are aware of no authority pursuant to which this Court could grant this request, and the Eleventh Circuit's opinion would appear to foreclose such relief in its entirety.

**B.     The Remedy for Civil Contempt Must Either Be a Coercive Sanction or a Compensatory Fine — Nullification of the Settlement Agreement is Neither.**

Since this is a motion for civil contempt, this Court may not grant criminal contempt remedies.  "A district court may not use the civil contempt power to impose what amounts to a punitive or criminal contempt sanction." *United States*

*v. City of Miami,* 195 F.3d 1292, 1298 (11th Cir. 1999); *see also Blalock v. United States*, 844 F.2d 1546, 1560 n.20 (11th Cir. 1988) (*per curiam*) (Tjoflat, J., specially concurring) ("When a district court employs civil contempt procedures to punish a contemnor, it necessarily deprives the contemnor of his constitutional rights and renders his contempt citation a nullity.").

In civil contempt proceedings, sanctions are limited to those designed to (a) coerce the defendant into compliance with the court's order or (b) compensate the complainant for losses sustained. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947). Alabama and Florida do not argue that the nullification of the Settlement Agreement will somehow coerce the Corps into complying with the 1990 Order. Indeed, the 1990 Order has terminated and Alabama and Florida acknowledge that the Corps is no longer bound thereby, without respect to the outcome of this motion. We will therefore turn to the second potential purpose of the nullification – compensation to Alabama and Florida.

Nullification of the Settlement Agreement also cannot be justified as a "compensatory" civil contempt sanction. "Where compensation is intended, a fine is imposed." *Id.* at 304.[3]   The former Fifth Circuit held in *Boylan v. Detrio*, 187

---

[3] *See also Gompers v. Bucks Stove & Range Co*., 221 U.S. 418, 444 (1911) ("The only possible remedial relief for such disobedience (violating a prohibitory injunction) would have been to impose a fine for the use of complainant, measured in some degree by the pecuniary injury caused by the act of disobedience.").

F.3d 375 (5th Cir. 1951), that a fine is the only type of "compensatory" sanction available as a remedy for civil contempt:  "All of the charges in the petition relate to past acts which if done cannot be undone or remedied by any order of the court. If these acts constituted civil contempt . . . the only punishment which could be imposed would be a fine to compensate appellees for loss or damage actually suffered because thereof."  *Id.* at 379.

Even if an order nullifying the Settlement Agreement could be imposed as a "compensatory" civil sanction, it would be inappropriate to do so in this case because that remedy would over-compensate the State of Alabama for any violation of the 1990 Order.  As noted above, the Eleventh Circuit held that the preliminary injunction that this Court entered, for as long as it lasted, gave Alabama and Florida much more than what they bargained for in the 1990 Order — advance notice so as to ensure their opportunity to re-commence litigation — rather than a complete halt to implementing the Settlement Agreement.  *Alabama,* 424 F.3d at 1135 n.24.  Any harm that Alabama and Florida might have suffered by the Corps not providing advance notice has been adequately cured by these states having a full and fair opportunity to litigate their objections to the Settlement Agreement in the DC Court.[4]

---

[4] This argument is set forth in greater detail in briefs filed by the State of Georgia in support of its motions to dissolve the preliminary injunction.  Doc. 238.

For a recent instructive case in which the district court was reversed for overcompensating plaintiffs with a civil contempt remedy, the Court is respectfully referred to Judge Marcus' opinion for the Eleventh Circuit in *United States v. City of Miami,* 195 F.3d 1292 (11th Cir. 1999).

### C.   **Nullification of the Settlement Agreement is an Abuse of Discretion Because it Punishes the Settling Parties that are Not in Contempt of the 1990 Order.**

Nullification of the Settlement Agreement would be improper, in any event, because parties to the Settlement Agreement are not before the court. Nullifying the Settlement Agreement, the sanction which Plaintiffs seek, would punish not just the United States, and not just the parties to this Case, but also the Southeastern Federal Power Customers, Inc., City of Atlanta, Georgia, Gwinnett County, Georgia, City of Gainesville, Georgia, Atlanta-Fulton County Water Resources Commission, DeKalb County, Georgia, and Cobb County-Marietta Water Authority. Few of these settling parties have been joined as parties to this case; none were parties to the 1990 Order.

A nonparty, unless duly summoned to appear in a legal proceeding, "may rest assured that a judgment recovered therein will not affect his legal rights." *Martin v. Wilks*, 490 U.S. 755, 763 (1989) (quoting *Chase Nat'l Bank v. Norwalk*, 291 U.S. 431, 441 (1934)). This fundamental principle applies to contempt proceedings as well as other proceedings. *See id.*. at 773 (holding that only parties

to a consent decree can be held in contempt of court for failure to comply with its terms).  Thus, any civil contempt sanction must be fashioned to avoid prejudice to the legal rights of nonparties.  *McGregor v. Chierico*, 206 F.3d 1378 (11th Cir. 2000); *United States v. Miami*, 195 F.3d 1292 (11th Cir. 1999).

The only exception to this general rule is where clear and convincing evidence establishes that, with the intent of violating a court order, the nonparty aided the defendant in its contemptuous venture.  *See United States v. Peoni*, 100 F.2d 401, 402-03 (2d Cir. 1938) (standard of proof for aiding and abetting is intent plus an overt act designed to aid in the success of the venture); *Select Creations, Inc. v. Paliafito America, Inc.*, 906 F. Supp. 1251, 1272-73 (E.D. Wis. 1995) (requiring inquiry into nonparty's state of mind).[5]  There is absolutely no evidence to suggest that the Settling Parties entered into the Settlement Agreement with the intent of aiding the Corps in violating the 1990 Order.  Indeed, the primary beneficiary of the Settlement Agreement is the plaintiff in the D.C. Case, Southeastern Federal Power Customers, Inc., which has never been a party to this case.  There has never been any suggestion, and certainly no evidence, that the Sout Eastern Federal Power Customers, Inc. had any knowledge of the 1990 Order.

---

[5] As the Supreme Court held in *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 112 (1969), a nonparty may not be held in contempt unless the nonparty is legally identified with the defendant or intentionally aids or abets the defendant in violating a court order.  *See also Independent Federation of Flight Attendants v. Cooper*, 134 F.3d 917 (8th Cir. 1998).

Thus, nullifying the Settlement Agreement would be an invalid sanction punishing nonparties.

For leading cases in which the district courts have been reversed for awarding sanctions for civil contempt that are unlawful because they harm nonparties, the Court is respectfully referred to *McGregor v. Chierico*, 206 F.3d 1378 (11th Cir. 2000) (reversing contempt sanction that required contemnor to sell marital property upon finding that only one spouse had violated court order); and *Ind. Fed'n of Flight Attendants v. Cooper*, 134 F.3d 917, 920-21 (8th Cir. 1998) (reversing contempt decree against nonparty upon finding nonparty because there was no evidence that nonparty acted in concert with contemnor to violate court order).

### IV.   Florida Does not Have Standing to Pursue Sanctions for any Violation of the 1990 Order Relief.

Finally, Florida does not have standing to pursue sanctions for any violation of the 1990 Order because Florida was not a party to the case when the order was entered.  *See Samuel Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444-45 (1911) ("proceedings in civil contempt are between the original parties").  *See also Northside Realty Assocs., Inc. v. United States*, 605 F.2d 1348, 1356, 1358 (5th Cir. 1979); *Crum v. Alabama*, 213 F.R.D. 592, 596-600 (M.D. Ala. 2003).

### CONCLUSION

For the foregoing reasons, motion should be denied.

Respectfully submitted this 24th day of March, 2006.

THURBERT E. BAKER
GA Bar No. 033887
Attorney General
ROBERT S. BOMAR
GA Bar No. 066400
Special Assistant Attorney General
ISAAC BYRD
GA Bar No. 101150
Senior Assistant Attorney General

s/ R. Todd Silliman
Clay C. Long
Georgia Bar No. 457000
Bruce P. Brown
Georgia Bar No. 064460
R. Todd Silliman
Georgia Bar No. 646005

McKenna Long & Aldridge, LLP
303 Peachtree Street, N.E.,
Suite 5300
Atlanta, Georgia 30308
(404) 527-4000
(404) 527-4198 (Fax)

William N. Clark
Redden Mills & Clark
940 Financial Center
505 Twentieth Street North
Birmingham, Alabama 35203

(205) 322-0457

**ATTORNEYS FOR THE STATE OF
GEORGIA**

s/ Lewis B. Jones
Patricia T. Barmeyer
Georgia Bar No. 038500
Lewis B. Jones
Georgia Bar No. 402498
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
(404) 572-4600
(404) 572-5139 (Fax)

Christopher R. Hood
OF COUNSEL
LEITMAN SIEGAL & PAYNE, PC
600 North 20th Street, Suite 400
Birmingham, Alabama 35203
(205) 251-5900
**ATTORNEYS FOR THE ATLANTA
REGIONAL COMMISSION**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 24, 2006, the foregoing STATE OF

GEORGIA'S RESPONSE TO PLAINTIFFS' MOTION FOR ORDER TO SHOW

CAUSE WHY DEFENDANT UNITED STATES ARMY CORPS OF

ENGINEERS SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED

was filed with the Clerk of the Court using the CM/ECF system, and was served

upon counsel of record by all parties to this proceeding by electronic notification or

by depositing copies thereof in United States Mail, postage prepaid, properly

addressed to:

R. Craig Kneisel  
William D. Little, III  
Office of the Attorney General  
Civil Environmental Protection Div.  
Room 303, 11 South Union Street  
Montgomery, Alabama 36130

Joseph A. Gonzales  
Deborah Shoemake  
Adrienne Allen  
U.S. Army Corps of Engineers  
109 St. Joseph Street  
Mobile, Alabama 36601

Mark A. Brown  
Wildlife & Marine Resources  
Section, U.S. Department of Justice  
P.O. Box 7369  
Washington, DC 20044-7369

David G. Archer  
336 South Tennessee Street  
P.O. Box 1024  
Cartersville, Georgia 30120

Ruth Ann Storey  
United States Department of Justice  
Environmental & Natural Res. Div.  
General Litigation Section  
Post Office Box 663  
Washington, D.C. 20440-0663

Patricia T. Barmeyer  
Lewis B. Jones  
King & Spalding LLP  
1180 Peachtree Street, N.E.  
Atlanta, Georgia 30309

Sharon D. Simmons
U.S. Attorney's Office
1801 4th Avenue North
Birmingham, AL  35203

Paul E. Andrew
Seven Lumpkin Street
Lawrenceville, Georgia  30045

Eddie Leitman
Lynne Stephens O'Neal
Christopher R. Hood
Leitman, Siegal & Payne, P.C.
Land Title Building, Suite 400
600 20th Street North
Birmingham, Alabama 35203-2601

Robert E. Sasser
Charlanna Spencer
Chad E. Stewart
R. Brian Tipton
Sasser, Littleton & Stidham, P.C.
One Commerce Street, Suite 700
P.O. Drawer 4539
Montgomery, Alabama  36102-4539

William M. Clark
Redden, Mills & Clark
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203

Clyde Y. Morris, Jr.
3000 Brierfield Lake
Alpharetta, Georgia  30004

Stanley B. Sikes
P.O. Box 303
Selma, Alabama 36702

Christopher M. Kise
Solicitor General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050

William M. Droze
Gregory W. Blount
Charles A. Zdebski
Troutman Sanders LLP
Bank of America Plaza
600 Peachtree St., NE., Ste 5200
Atlanta, Georgia  30308

James T. Banks
Parker D. Thomson
Hogan & Hartson, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C.  20004

J. Gregory Allen
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama  36103-4160

Thomas R. Wilmoth
Fennemore Craig
Suite 1400
206 S. Thirteenth Street
Lincoln, NB 68508

Robert S. Bomar                          Lauren J. Caster (AZ No. 004537)
Isaac Byrd                               Donald Blankenau (NE No. 18528)
Georgia Attorney General's Office        3003 North Central Ave., Suite 2600
State Judicial Building, Suite 132       Phoenix, Arizona 85012-2913
Atlanta, Georgia 30334


                                        ____/s/ R. Todd Silliman_____
                                        Counsel for the State of Georgia