IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, et al., | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| v. | ]  CV-90-BE-01331-E |
| | ] |
| THE UNITED STATES ARMY | ] |
| CORPS OF ENGINEERS, et al., | ] |
| | ] |
| Defendants. | ] |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on the Joint Motion of the State of Georgia and the Atlanta Regional Commission to Dismiss Amended Complaints or, in the Alternative, to Require the Filing of More Definite Statements (doc. 347). For the reasons set forth below, both Motions are **DENIED**.

### BACKGROUND

On September 29, 2004, Alabama and Florida informed the court that they wished to amend their respective complaints. On November 8, 2004, the court permitted Alabama and Florida to file motions to amend by January 7, 2005. *See* doc. 262, p. 2. Pursuant to that Order, Alabama and Florida timely filed motions to amend their complaints, which Defendants opposed. *See* docs. 269, 270, 277, 281, 312.

On June 30, 2005, the court conducted a hearing on the Motions to Amend. Thereafter, on August 10, 2005, the court entered a Memorandum Opinion (doc. 331) and Order (doc. 332) granting these Motions. In its Order, the court required "Alabama and Florida [to] revise their

1

amended complaints before filing to clarify *exactly* which agency actions they are challenging under *each* claim, and to make other changes *only* as necessary to clearly articulate the basis of this court's jurisdiction." *See* doc. 332 (emphasis in original). Subsequent to that Order, Alabama filed its Fourth Amended Complaint (doc. 340) and Florida filed its Third Amended Complaint (doc. 339).

On October 21, 2005, Georgia and the Atlanta Regional Commission ("ARC") filed a Joint Motion to Dismiss the Amended Complaints or, in the Alternative, to Require the Filing of More Definite Statements (doc. 347).[1] Georgia and the ARC contend that the Amended Complaints (1) fail to comply with this court's August 10, 2005 Memorandum Opinion and Order; (2) fail to comply with Rules 8 and 10(b) of the Federal Rules of Civil Procedure; and (3) are vague and ambiguous. The court entered a briefing schedule and permitted the parties to respond and reply to the Motion to Dismiss. This Memorandum Opinion addresses the sufficiency of these submissions.

## STANDARD OF REVIEW[2]

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "In

---

[1] The U.S. Army Corps of Engineers ("the Corps") filed answers to both Amended Complaints. *See* docs. 345, 346.

[2] Georgia and the ARC's Motion is styled as a Motion "to Dismiss Amended Complaints or, in the Alternative, to Require the Filing of More Definite Statements." The Motion specifies that it is brought "pursuant to Rule 12(e) of the Federal Rules of Civil Procedure." *See* doc. 347, p. 1. Accordingly, the court analyzes this Motion in accordance with Rule 12(e)'s standards regarding a motion for more definite statement.. To the extent that Georgia and the ARC base their Motion to Dismiss on violations of Fed. R. Civ. P. 8 or 10, the court concludes that, for the reasons stated in this memorandum, the Motion to Dismiss is due to be denied.

making such a motion, the moving party must point out the defects complained of and the details desired." *Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 367872 * 5 (S.D. Tex. 2006). "In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Id.*; citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (11th Cir. 1959).

## DISCUSSION

The Federal Rules of Civil Procedure require an initial pleading to set forth "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Further, "[r]elief in the alternative or of several different types may be demanded." *Id*. Moreover, "[e]ach claim founded upon a separate transaction or occurrence...shall be stated in a separate count...whenever a separation facilities the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). Additionally, "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion." Fed. R. Civ. P. 10(c).

Georgia and the ARC argue that Plaintiffs' use of "multiple, inconsistent, vague, and over-broad cross references" violate the Federal Rules of Civil Procedure, result in shotgun pleadings, and render the Amended Complaints incomprehensible. The court disagrees. Although the Amended Complaints are lengthy and complex, the organization of the claims sufficiently provides the opposing parties with "fair notice" of the claims against them. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). Plaintiffs organized their claims in accordance with the legal basis for relief, and set forth detailed factual allegations supporting these claims.

Although Plaintiffs utilized incorporation by reference and pleading in the alternative, these practices are specifically allowed by the Federal Rules of Civil Procedure.  Accordingly, the court concludes that the Amended Complaints do not constitute "shotgun pleadings" and are sufficiently pled to survive this Motion.  *See Anderson v. Dist. Bd. of Trustees*, 77 F.3d 364, 366 (11th Cir. 1996) (characterizing a shotgun pleading as one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.")

The court also finds that the Amended Complaints do not violate this court's previous Order.  That Order required Plaintiffs to identify the final agency actions applicable to each claim.  In the Amended Complaints, Alabama and Florida listed specific, final agency actions under each statutory claim, and provided references to more detailed allegations relating to those actions in previous paragraphs of their respective complaints.  The Order does not limit the number of agency actions that a plaintiff may challenge under the Administrative Procedures Act, nor does it limit the number of substantive claims a plaintiff may assert in its complaint.  The court thus concludes that Alabama and Florida complied with the August 10, 2005 Order.

## CONCLUSION

The Joint Motion of the State of Georgia and the Atlanta Regional Commission to Dismiss Amended Complaints or, in the Alternative, to Require the Filing of More Definite Statements (doc. 347) is **DENIED**.

DONE and ORDERED this 29th day of March, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE