FILED
2006 Sep-28 PM 02:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, )<br>)<br>Plaintiff )<br>)<br>STATE OF FLORIDA, )<br>)<br>Intervenor-Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES ARMY CORPS )<br>OF ENGINEERS, et al. )<br>)<br>Defendants, )<br>)<br>STATE OF GEORGIA, )<br>)<br>Defendant-Intervenor. )<br>_____ ) | Case No. CV-90-BE-1331-E<br>Judge: Karon O. Bowdre<br><br>OPPOSED |

### STATE OF FLORIDA'S MOTION TO LIFT STAY FOR THE PURPOSE OF FILING MOTION TO SCHEDULE ORAL ARGUMENT ON CONTEMPT MOTION, AND FOR THE COURT'S CONSIDERATION OF THAT MOTION

The State of Florida ("Florida") respectfully moves this Court to lift the current stay for the additional purposes of: (a) permitting Florida to file the attached motion to schedule oral argument on its pending contempt motion (Exhibit A) (which motion also was filed by the State of Alabama ("Alabama")); and (b) considering that motion. Counsel for Florida has contacted opposing counsel and

\\\DC - 022346/000001 - 2366699 v2

was informed that Alabama, Georgia and the United States are opposed to this Motion to Lift Stay.  In support of this Motion, Florida states as follows:

1. On October 15, 2003, and again on February 18, 2005, this Court found that Federal Defendant United States Army Corps of Engineers ("Corps") had violated this Court's September 19, 1990 Stay Order by entering into the D.C. Settlement Agreement.  *See* Doc. 192 at 5; Doc. 274 at 4.  Accordingly, in its October 15, 2003 Order, this Court issued a preliminary injunction preventing implementation of any part of the Settlement Agreement, *see* Doc. 192 at 11, and in its February 18, 2005 Order the Court denied motions to dissolve that injunction.  *See* Doc. 274 at 8-9.  Several parties appealed those orders to the Eleventh Circuit.

2. On September 19, 2005, the Eleventh Circuit issued its decision in Alabama v. United States Army Corps of Engineers, 424 F.3d 1117 (11th Cir. 2005).  While holding that this Court's October 15, 2003 injunction was procedurally improper, the Eleventh Circuit recognized that this Court's civil contempt power was procedurally proper since it provided this Court with "recourse for the Corps' asserted violation of the 1990 Stay order." *Id.* at 1134, n.23.

3. Accordingly, on February 16, 2006, Florida and Alabama filed their Plaintiffs' Motion for Order to Show Cause Why Defendant United States Army Corps of Engineers Should Not Be Held in Contempt and Sanctioned.  Doc. 405 ("Contempt Motion").

4. On February 28, 2006, Florida and Alabama filed a Consent Motion for Briefing Schedule requesting the Court to enter an Order requiring any briefs in

opposition to the Contempt Motion to be filed by March 24, 2006 and any reply briefs to be filed by April 3, 2006. *See* Doc. 408. On March 8, 2006, this Court granted the Consent Motion. *See* Doc. 410.

5. On March 16, 2006, the Court entered a moratorium on the filing of motions without prior leave of court. *See* Doc. 422.

6. On March 24, 2006, the Corps, as well as Defendant-Intervenors State of Georgia ("Georgia") and the Atlanta Regional Commission ("ARC"), filed their response briefs to Plaintiffs' Contempt Motion. *See* Docs. 426, 427.

7. On March 31, 2006, the Court ordered the Corps, Alabama, Florida and Georgia (the "Mediation Parties") to submit all aspects of the dispute to mediation and stayed the case until August 31, 2006. *See* Doc. 430. The Court also noted that "[n]otwithstanding this stay, the court will continue to resolve the motions pending as of the date of this order, as well as any claim brought by Florida under the Endangered Species Act . . . ." *Id.* at 2.

8. On April 3, 2006, Florida and Alabama submitted their reply brief in support of the Contempt Motion. *See* Doc. 432. Accordingly, Plaintiffs' Contempt Motion has been fully briefed before this Court.

9. In its April 17, 2006 Order deciding various pending motions, the Court acknowledged that Plaintiffs' Contempt Motion "remains pending before the court." Doc. 443 at 4. The Court further extended the moratorium placed on the filing of motions pending the outcome of mediation, and noted the anticipation that

the moratorium would be lifted "on or about August 31, 2006, or at such date as mediation concludes." *Id.*

10. On August 26, 2006, the Mediation Parties requested that the stay entered by the Court to allow for mediation be extended until December 20, 2006. *See* Doc. 524. On August 29, 2006, the Court issued an Order extending the stay until December 20, 2006. *See* Doc. 525.

11. Florida understands that the Court has stayed this case to facilitate mediation. Florida believes, however, that ongoing appeals in the United States Court of Appeals for the District of Columbia Circuit, in which Florida must pursue claims concerning the D.C. Settlement Agreement that are similar to issues that have been stayed in this case, run counter to the interests of judicial economy and will undermine the parties' ability to focus their attention and resources on mediation. Those proceedings must move forward despite any adverse effects on mediation, however, because the Settlement Agreement—entered into in direct violation of this Court's order—substantially and unfairly benefits the State of Georgia and the Corps in mediation discussions.

12. By allowing argument and rendering a decision on the Contempt Motion, this Court would have the opportunity to consider whether the contempt sanction requested by Florida and Alabama—invalidation of the Corps' signature on the Settlement Agreement—should be imposed. If the Court were to grant the Contempt Motion and impose that sanction, the D.C. Circuit appeal would probably be mooted and the mediation playing field would be leveled considerably.

13.     On September 6, 2006, Alabama moved this Court to lift the current stay for the limited purposes of permitting Alabama to file a Motion for Leave to File Fifth Amended and Supplemented Complaint and the Court's consideration of that motion. *See* Doc. 527. On September 20, 2006, the Court not only granted Alabama's motion but also ordered that the stay be lifted for the purpose of allowing all parties to seek leave of court to amend their pleadings so as to sue the United States Fish and Wildlife Service. *See* Doc. 536. In addition to Alabama, several parties have indicated they will file such motions; briefing and argument on those motions will entail considerable time and effort by the parties.

14.     In its motion to lift the current stay, Alabama said it believed that "[i]f other courts become involved [in the legal controversy concerning the ACF Basin], then the potential for inconsistent results will be great, and the interests of judicial economy and efficiency will be frustrated." Doc. 527 at 2. During the September 19, 2006 status conference, counsel for Alabama said that "the prospect of one case moving forward while your case is stayed will be very detrimental to any effort to have a successful mediation." Transcript at 4 (lines 21-23). Counsel for the Corps agreed. *See id.* at 6 (lines 15-18).

15.     That state of affairs already exists with respect to the D.C. Circuit proceedings, which were precipitated by the Corps, Georgia, ARC and others. The legal issues presented in the D.C. Circuit appeals are quite similar to issues raised by Alabama and Florida in this Court. The parties will expend considerable time and resources—during mediation—in completing those proceedings. By deciding

the Contempt Motion, however, this Court would have an opportunity to address the concerns stated by Alabama and the Corps, and to facilitate mediation by imposing an appropriate sanction for the Corps' abuse of the judicial process and thereby eliminating the need for the D.C. Circuit appeals.

16.  Despite its reasoning in support of its motion to lift the current stay, however, Alabama has informed Florida that it will oppose this Motion.

17.  Nonetheless, for the reasons stated herein, Florida believes that granting its Motion, scheduling oral argument and deciding the Contempt Motion could materially improve the prospects for successful mediation. Having been fully briefed, disposition of the Contempt Motion requires only an oral argument and decision by this Court. This represents far less distraction from the ongoing mediation and far less effort by the Court and the parties than will be caused by the multiple motions already permitted pursuant to the Court's September 20, 2006 Order.

18.  During the September 19, 2006 status conference, this Court indicated that any party may file a motion to lift the current stay. *See* Tr. at 17 (lines 7-8).

WHEREFORE, PREMISES CONSIDERED, Florida respectfully requests the Court to lift the current stay for the limited purposes of: (a) permitting Florida to file the attached motion to schedule oral argument on the pending Contempt Motion; and (b) considering that Motion.

>Respectfully submitted,
>
>HOGAN & HARTSON LLP
>555 13th Street, N.W.
>Washington, D.C. 20004
>(202) 637-5802
>
>
>By      /s/ James T. Banks
>   James T. Banks
>   D.C. Bar No. 261156
>   Admitted *Pro Hac Vice*

Charles J. Crist, Jr.
Attorney General
Florida Bar No. 362190
Paul C. Huck, Jr.
Deputy Attorney General
Florida Bar No. 968358
Louis F. Hubener
Solicitor General
Florida Bar No.: 140084
Jonathan A. Glogau
Special Counsel
Florida Bar No.: 371823
OFFICE OF THE ATTORNEY GENERAL
PL-01, The Capitol
Tallahassee, Florida  32399-1050
Phone: 850-414-3300
Fax: 850-410-2672

Christopher M. Kise
FOLEY & LARDNER
106 East College Avenue
Suite 900
Tallahassee, Florida  32301-7732
Phone:  (850) 513-3367
Fax:  (850) 561-675

Parker D. Thomson
Florida Bar No.: 081225
HOGAN & HARTSON LLP
1111 Brickell Avenue, #1900
Miami, Florida  3131
Phone: 305-459-6500
Fax: 305-459-6550

Lauren J. Caster (Arizona No. 004537)
FENNEMORE CRAIG, P.C.
3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
Phone:  602-916-5367
Fax:  602-916-5567


Donald G. Blankenau (Nebraska No. 18528)
Thomas R. Wilmoth (Nebraska No. 22518)
BLACKWELL SANDERS PEPER MARTIN, LLP
206 South 13th Street, Suite 1400
Lincoln, NE 68508
Phone:  402-458-1500
Fax: 402-458-1510


*Attorneys for Plaintiff-Intervenor,
State of Florida*

# CERTIFICATE OF SERVICE

This is to certify that on this 28th day of September, 2006, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send electronic filing to the following counsel of record:

**ATTORNEYS FOR FEDERAL DEFENDANTS**

>Ruth Ann Storey
>James A. Maysonett
>Robin N. Michael
>Anthony P. Hoang
>Charles W. Findlay, III
>Michael T. Gray
>US DEPARTMENT OF JUSTICE, ENVIRONMENT &
>NATURAL RESOURCES
>General Litigation Section
>Ben Franklin Station
>PO Box 663
>Washington, DC 20044-0663
>
>Sharon D. Simmons
>John C. Bell
>US ATTORNEY'S OFFICE
>1801 4th Avenue North
>Birmingham, AL 35203-2101
>
>Joseph A. Gonzales
>Deborah Shoemake
>Adrienne A. Allen
>US ARMY CORPS OF ENGINEERS
>District Counsel
>109 St Joseph Street
>PO Box 2288
>Mobile, AL 36628-0001

**ATTORNEYS FOR PLAINTIFF-INTERVENOR STATE OF ALABAMA**

Warren B. Lightfoot
John M. Johnson
William S. Cox, III
W. Larkin Radney IV
Nikaa Baugh Jordan
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203


R. Craig Kneisel
William D. Little, III
ASSISTANT ATTORNEYS GENERAL FOR
THE STATE OF ALABAMA
11 South Union Street
Montgomery, AL  36130


Matthew H. Lembke
Joel M. Kuehnert
BRADLEY ARANT ROSE & WHITE
Post Office Box 830709
Birmingham, AL  35283-0709


**ATTORNEYS FOR INTERVENOR-DEFENDANT THE STATE OF GEORGIA**

Thurbert E. Baker
Isaac Byrd
Robert S. Bomar
GEORGIA STATE ATTORNEY GENERAL'S OFFICE
State Judicial Building, Suite 132
40 Capitol Square, SW
Atlanta, GA 30334

Clay C. Long
R. Todd Silliman
Bruce P. Brown
MCKENNA LONG & ALDRIDGE LLP
One Peachtree Center, Suite 5300
303 Peachtree Street
Atlanta, GA 30308

William N. Clark
REDDEN MILLS & CLARK
The Financial Center, Suite 940
505 20th Street, North
Birmingham, AL 35203

**ATTORNEYS FOR INTERVENOR ATLANTA REGIONAL COMMISSION**

Eddie Leitman
Lynne Stephens O'Neal
Christopher R. Hood
LEITMAN SIEGAL & PAYNE, PC
Land Title Building, Suite 400
600 North 20th Street
Birmingham, AL 35203-2601

Patricia T. Barmeyer
Lewis B. Jones
KING & SPALDING
1180 Peachtree Street, NE
Atlanta, GA 30309

**ATTORNEYS FOR INTERVENOR GWINNETT COUNTY**

William M. Droze
Gregory W. Blount
David Montgomery Moore
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308-2216

**ATTORNEYS FOR INTERVENOR-PLAINTIFF ALABAMA POWER COMPANY**

>Edward S. Allen
>C. Grady Moore, III
>Spencer M. Taylor
>Thomas L. Casey, III
>BALCH & BINGHAM LLP
>PO Box 306
>Birmingham, AL 35201-0306

**ATTORNEYS FOR INTERVENOR-PLAINTIFF MONTGOMERY WATER WORKS AND SANITARY SEWER**

>Charlanna Spencer
>Chad E. Stewart
>Robert Brian Tipton
>Matthew J. Bauer
>SASSER LITTLETON & STIDHAM PC
>PO Drawer 4539
>Montgomery, AL 36103-4539

>Chad E. Stewart
>MARSH, COTTER & STEWART, L.L.P.
>203 E. Lee Street
>P.O. Box 310910
>Enterprise, AL  36331

**ATTORNEYS FOR INTERVENOR-DEFENDANT LAKE LANIER ASSOCIATION**

>Paul E. Andrew
>Seven Lumpkin Street
>Lawrenceville, GA 30045

>Clyde Y. Morris, Jr
>3000 Brierfield Lake
>Alpharetta, GA 30004

>                                    /s/ James T. Banks
>                                    James T. Banks
>                                    Attorney for the State of Florida